## W. B. WELLS ET AL. v. NELLIE DAVIS.

### No. 6438.

1. **Specific Performance—Parol Gift of Land.**—Where the owner of land has given it to another, or where he has sold it, the purchase money being paid and the vendee or donee has been placed in possession, and in consequence thereof has placed upon the land improvements of a character that a court of equity will estimate as being within themselves of sufficient importance and value to entitle the party to a decree for specific performance of the contract, the use of the premises from the date of such possession must be treated as going with the equitable right to the property itself.

2. **Case Limited.**—In Ann Berta Lodge v. Leverton, 42 Texas, 18, it it stated that it can not be "maintained that any character of improvements or repairs made on the premises, of however little value, will enable the purchaser to have the contract enforced," still this can not be invoked as authority that specific performance of parol contracts for sale of land will not be enforced in any case where the evidence may show the value of the use and occupation of the premises have been greater than the cost of the improvements.

3. **Parol Contract Enforced—Fact Case.**—See facts sustaining a verdict enforcing a parol gift of real estate, the donee on strength of the gift having possession and having made improvements thereon.

APPEAL from Grayson. Tried below before Hon. H. O. Head.

The opinion states the case.

*Hare, Edmondson & Hare*, for appellants. — The improvements that were made by appellee were trivial and were insufficient to be the basis of a

decree for specific performance.    Moreover, they were not made with the knowledge or consent of Walker.    Wooldridge v. Hancock, 70 Texas, 18; Ann Berta Lodge v. Leverton, 42 Texas, 18; Eason v. Eason, 61 Texas, 225.

*Woods & Brown,* for appellee. — In determining whether specific performance of the verbal gift or sale should be decreed or contract rescinded, all the equities between the parties should be taken into account; and before rescinding or permitting a recovery of the land all that has been received under or in any way connected with the contract not already accounted for should be restored.    Hunt v. Turner, 9 Texas, 385; Twiss v. George, 33 Mich., 253; Sutton v. Hogan, 62 Mo., 101; Davison v. Davison, 13 N. J. Eq., 333; Christy v. Barnhart, 53 Am. Dec., 545.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellant against Mrs. Nellie Davis to recover a house and two adjoining lots in the city of Sherman.

The defendant answered alleging that in the year 1882 one W. W. Walker had made to her a parol gift of the premises and placed her in possession of them, and that she, relying upon his promise to make her a deed for the property, placed thereon permanent and valuable improvements.    The said Walker was at her request made a party defendant.

The plaintiff claimed the premises under a deed from Walker, and both he and Walker resisted the relief prayed for by the defendant Davis.    Defendant Walker denied that he had ever given the property to the defendant Davis, and pleaded that she was indebted to him for large sums of money and for articles furnished her, as well as for the rent of the property in controversy for several years while it belonged to him and was occupied by her.    He charged that the value of the occupation exceeded the value of all improvements placed upon the property by the defendant Davis.

The defendant Davis pleaded that her codefendant Walker was indebted to her for large sums of money for board and for work and labor performed for him during the time of her occupancy of the premises.

The cause was tried with a jury and judgment was rendered in favor of the defendant Davis.

The defendant Davis introduced evidence of a parol gift of the property to her by her codefendant before he conveyed it to plaintiff, to establish her account against Walker, and to show that she had expended about $187 in improving the property.    The evidence shows that the original cost of one of the lots was $250 and of the other one $150.

The defendant Walker introduced evidence disputing the whole of his codefendant's case and to support his pleading that she was indebted to him for a large sum of money.

The evidence showed that the defendant Davis had occupied the prem-

ises as a home for herself and family from the date of the alleged gift to her, and that the improvements placed upon them by her were permanent and calculated to increase the value of the property as a residence, and that she was still in possession of the property when this suit was brought for its recovery. The evidence showed that the value of the use of the property during the time of its occupancy by defendant Davis and subsequent to its gift to her exceeded the value of the improvements placed upon it by her.

The court gave the jury the following charge: "In deciding whether or not the use of the place paid for the improvements, if any were made by defendant Davis, you are instructed that she would be entitled to first have the use of said place applied on any sum that said Walker may have owed her for services rendered him for washing, sewing, board, and taking care of him when sick, unless such services were paid for by said Walker outside of such use of the place. Therefore, in deciding this question, if you find the gift or sale was made as aforesaid, you will first estimate the value of any permanent and valuable improvements that the defendant Nellie Davis may have made on the place, relying upon such gift or sale, and add to this the reasonable value, if anything, of any services said defendant may have rendered said Walker after such gift or sale in washing, sewing, boarding, and taking care of him when sick. You will next estimate the value of the use of the place from the date of the gift or sale, if there was such, to the institution of this suit, and add to this any sums of money and the reasonable value of any articles said Walker may have furnished to said Nellie Davis during the time as compensation for washing, sewing, boarding, and taking care of him as aforesaid, and if this amount exceeds the amount you find for improvements and services made and rendered by said Davis, if any as aforesaid, you will find for plaintiff, otherwise you will find for defendant Nellie Davis."

In the case of Ann Berta Lodge v. Leverton, 42 Texas, 18, it was said by this court that it can not be "maintained that any character of improvements or repairs made on the premises, of however little value, will enable the purchaser to have the contract enforced."

The decision in this respect has been followed by this court in other cases. Eason v. Eason, 61 Texas, 227; Wooldridge v. Hancock, 70 Texas, 18; Bradley v. Owsley, 74 Texas, 69.

These cases can not, however, be invoked as authority for the proposition that specific performance of parol contracts for the sale of land will not be enforced in any case where the evidence may show that the value of the use and occupation of the premises have been greater than the cost of the improvements.

To hold in such cases that the purchaser under a parol sale or gift must be held to account for the value of the use and occupation of the premises is to treat him as a renter or trespasser instead of as a purchaser, and is

inconsistent with the theory upon which specific performance has been decreed in such cases.

If the other circumstances of the case are such as to entitle the vendee or donee to a decree for specific performance the question of improvements must be treated as immaterial.

Where the transaction is such that the right to a decree for specific performance depends upon the fact of improvements, and the improvement relied upon is so insignificant as to be treated as of comparatively no value, the party making it must be treated as not entitled to a decree for specific performance.

When the owner of land has given it to another, or when he has sold it and the purchase money has been paid and the vendee or donee has been placed in possession and has in consequence thereof placed upon the land improvements of a character that a court of equity will estimate as being within themselves of sufficient importance and value to entitle the party to a decree for the specific performance of the contract, the use of the premises from the date of such possession must be treated as going with the equitable right to the property itself. In this case the amount expended in the improvement of the land compared to the value of the land itself can not be treated as unimportant.

The circumstances under which the improvements were made must be considered. Possession of the property as a homestead was retained by the donee for several years without objection. Under the terms of the gift she had assurance that her possession was to be permanent and her title to the property was to be made perfect. She was justified in believing that she was its owner and not a renter.

It would be a wrong to her to treat, under such circumstances, improvements placed on the property for the permanent enhancement of its comfort and value as mere offsets against the rent, to be applied whenever the holder of the legal title might see proper to eject her.

We think that the charge of the court complained of was more favorable to plaintiff than he had a right to demand under the facts of this case.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered June 17, 1890.