Delivered February 13, 1891.

---

### J. W. MADDEN, GUARDIAN, V. N. J. MADDEN.

#### No. 3021.

**1. Conclusions of Fact.**—In absence of a statement of facts the *conclusions of fact* as found by the trial judge must be regarded as correct, and as a substantial statement of the material facts proved on the trial below.

**2. Constitutional Inhibition Against Encumbering Homesteads.**—Section 50, article 16, of the State Constitution prescribes that "no mortgage, trust deed, or other lien on the homestead shall ever be valid, * * * whether such mortgage or trust deed or other lien shall have been created by the husband alone or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void." This prohibits a married man from executing to his wife a mortgage upon their homestead to secure a loan of money from the wife to the husband.

**3. Same — Case in Judgment. —** The appellee and her husband were residing upon and had a homestead upon the separate estate of the husband. He had a minor daughter in former marriage. To secure a loan of $1000 from the wife the husband executed to her a mortgage upon the homestead, providing for payment within six years. Before that date the husband died. The wife sought to enforce the mortgage. *Held,* that the mortgage was void.

**4. Cases Adhered to.**—Inge v. Cain, 65 Texas, 75, and Lacy v. Rollins, 74 Texas, 566, adhered to.

APPEAL from Houston.    Tried below before Hon. F. A. Williams.
The opinion contains a statement.

*A. A. Aldrich*, for appellant.— 1.   No mortgage, trust deed, or other
lien on the homestead shall ever be valid except for the purchase money
therefor or improvements thereon made, whether such mortgage or trust
deed or other lien shall have been created by the husband alone or to-
gether with his wife.    Const., art. 16, sec. 50;  Kirkland v. Little, 41
Texas, 456;  Campbell v. Elliott, 52 Texas, 151.

2.    The homestead of a family is exempt from forced sale, and a mort-
gage or trust deed on same given by the husband to the wife to secure a
debt for borrowed money is void *ab initio* if there are other constituents
of the family to be protected.

*Nunn & Nunn*, for appellee.— 1.  There is and can be no valid objec-
tion to a mortgage or deed of trust upon the homestead as between hus-
band and wife, because the homestead right remains intact after such is
made.    It does not matter, so far as the homestead right is concerned,
whether the title is in the husband or wife, nor could any mortgage on the
same as between husband and wife affect prejudicially the rights of either
in the homestead.    Lacy v. Rollins, 74 Texas, 566;  Watts v. Miller, 76
Texas, 14;  Smith v. Von Hutton, 75 Texas, 625.

2.   Such interpretation as here contended for is not in conflict with the
Constitution and laws upon the subject of homestead, which intend merely
to secure the right to the husband and wife conjointly as against strangers
and intruders, and at the same time allow them a natural freedom in
dealing with their own property rights by which their best interest may
be promoted, leaving them to judge for themselves, and thus limiting the
constitutional provisions in restraint of natural right to the objects for
which intended—the protection of the homestead enjoyment to the family
against creditors asserting adversary rights.    Such a construction will in
many cases furnish a lawful opportunity for the husband to use the wife's
money for their mutual advantage in business affairs, and at the same
time give to the wife a good security which she would cherish above any
other, and at the same time offer no temptations to collusion and fraud,
because this property is not subject to the claims of creditors in any in-
stance.

3.   If this constitutional provision is to have construction to effectuate
the purposes and intentions of its framers and limited to the practices in-
tended to be prohibited, then it seems clear that the case here presented
does not come within its purview, for it can not be supposed that there
was any necessity for or that there was any intention to restrict the hus-
band and wife in their dealings between themselves as to change of own-

ership concerning the title to the homestead.    To hold otherwise would extend the constitutional restraint in derogation of natural right beyond any rational purpose in its enactment.

MARR, JUDGE.—The controlling question on this appeal is whether a mortgage given by a husband to his wife during coverture to secure a loan by her to him on their homestead at the time, is valid and can be enforced by the wife after the death of the husband, there being a minor child of the husband by a former wife surviving him, and who was a constituent of the family at the time of his death.

As found by the court below in its conclusions of fact, the property in issue was of the separate property of the husband, B. E. Madden, but evidently constituted the homestead of himself and his wife, the appellee, Mrs. N. J. Madden, both at the time of the loan and at the death of B. E. Madden.    "After his marriage" with the appellee, and on the 1st day of October, 1885, as shown by the note, "he borrowed from her $1000 and gave his note payable one day after date for that amount, and to secure it executed to her his mortgage on such homestead."    The date of the mortgage is, as copied in record, October 1, 1886.    "The mortgage provided that if he (Madden) should pay off the note within six years the mortgage should be null and void.    He died before the expiration of six years, and his estate is in administration in the County Court, Mrs. Madden being administratrix.    The six years have not yet expired.    Mrs. Madden accepted the mortgage on the homestead as her only security for the debt.    Since the death of her husband she has proposed to the heirs that they pay her the debt and interest and she would release her claim, and they failed to do so, finding they could not raise the money."    "Fannie (May) Madden is his minor child by a former wife.    *   *   *   His family consisted of himself, his wife Mrs. N. J. Madden, and Fannie."

If we may consider the mortgage, there being no statement of facts, it shows on its face the homestead character of the property.    We will first notice the objection, strenuously insisted upon by the appellee's counsel, that as there is no statement of facts there is no sufficient proof of the property being the homestead, notwithstanding the conclusions of fact and law filed by the district judge at the request of the appellant show such to have been the fact.    In the absence of a statement of facts, we think the conclusions of fact as found by the district judge must be regarded as correct and as a substantial statement of the material facts . proved on the trial below.    Chance v. Branch, 58 Texas, 492.    If not satisfied with the conclusions of fact as found by the court below, the appellee had the right, as well as the appellant, to cause a statement of facts to be prepared and filed.    Rev. Stats., art. 1377.

Section 50 of article 16 of the present Constitution provides that "No *mortgage*, trust deed, or other lien on the homestead *shall ever be valid*

except for the purchase money therefor or improvements made thereon, as hereinbefore provided, whether such mortgage or trust deed or other lien shall have been created by *the husband alone* or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

Section 52 of that instrument prescribes the manner of the descent of the homestead upon the death of either the husband or wife, and preserves its integrity at least so long as "the surviving husband or wife may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be.permitted, under the order of the proper court having jurisdiction, to use and occupy the same."

The provision of the State Constitution first cited received, we think, a correct interpretation on the point then involved in the case of Lacy v. Rollins, 74 Texas, 566, but we do not believe there is anything decided by the Supreme Court in that case that could be invoked to sustain the validity of the mortgage now under consideration. Indeed, we think the opposite deduction should be drawn. That was a case where the husband *after* the death of his wife executed a mortgage on the homestead to another party.. That instrument in that case was sustained. When executed the husband was *not a "married man."* In construing the Constitution's denunciation of mortgages made by the husband alone or together with his wife *during coverture* the court, among other things, say: "The subsequent words, 'whether such mortgage, trust deed, or other lien shall have been created by the husband alone or together with his wife,' show clearly that encumbrances of the homestead by *married* men were contemplated [prohibited] in making the provision." We think "*contemplated*" is here used in the sense of "*prohibited.*" That is, that this provision referred to a mortgage created by a married man, not to one made by a widower.

The judge delivering the opinion of the court plainly meant that it was the intention of "the provision" to prohibit a mortgage by a married man during the existence of the marriage, whether alone or jointly with his wife. This is apparent from what immediately precedes and follows: "We think the language should be construed as if it read 'no mortgage, trust deed, or other lien created by the husband, whether alone or together with his wife shall ever be valid except,'" etc. "This construction comes as near meeting the *literal* terms of the statute as any that can be given. The policy of the provision favors the construction we have placed upon it. A wife who may be unwilling to consent to a conveyance of the homestead might be *induced* to encumber it by the husband holding out *specious representations of his ability* and *purpose to discharge the lien,* and thus *her homestead might be sold for debt, contrary to the established policy* of this State. Hence a prohibition upon her power to do this was necessary for her protection;" and to accomplish

that purpose we may add that the Constitution placed the same prohibition upon the power of the husband to encumber it as above indicated. The opinion proceeds: "On the other hand, however, our laws left persons *sui juris* and *unmarried* free to make such voluntary disposition as they saw proper of their own property. They have undertaken to guard the wife, so far as the disposition of the homestead is concerned, against the action and influence of the husband, but have never attempted to protect *single* men against the voluntary encumbrance or alienation of *their* property, although it is not subject to forced sales. Lacy v. Rollins, *supra*.

At the time of the execution of the mortgage in that case the mortgagor's wife was dead. "He had no minor children or unmarried daughters, but resided upon the property with a married daughter and her husband." It is presumed that some expressions in the opinion in the foregoing case, and above noted, as well as those of similar import to be found elsewhere in other opinions, influenced the action of the court below in adjudging the mortgage in hand to be valid; but we have not been referred to nor have we found any case sustaining that view of the law. The precise point does not appear to have been determined in this State. We are unable to perceive how the fact that the mortgage was given entirely for the security or benefit of the wife, and with her consent (though not by her privy acknowledgment), could have the effect of protecting that instrument from the same sure hand of death which the Constitution lays heavily upon every mortgage of the homestead to a third party, made "by the husband alone or together with his wife" during the marriage relation, though the real bona fide purpose may be the protection of the wife's interest or for her exclusive benefit.

Nor do we believe that the Constitution makes any substantial distinction between the power of the husband alone and that of the husband and wife conjointly during the continuance of the marital state between them to encumber their homestead for the benefit of the wife. We shall endeavor to show that the injurious effect upon the rights of the wife might be as great in one case as in the other, and in any event that the manifest letter and spirit of the Constitution would be violated. That the homestead of B. E. Madden and his wife was established on his separate property we think is of no importance in solving the particular question which we are now considering.

The doctrine announced in Lacy v. Rollins was approved in Smith v. Von Hutton, 75 Texas, 626, and the power to mortgage the homestead was considered as only embracing an unmarried man, whether a widower or one who had never been married. In that case the precise and only point decided was that a single man, though the head of a family, could execute a valid deed of trust on his homestead. Both cases are reaffirmed and the same interpretation given to this clause of the Constitution in

Watts, Guardian, v. Miller, 76 Texas, 14. These are the cases cited and relied on by the appellee, and it is very evident that they do not support the conclusion of the learned district judge before whom the case in hand was tried.

The language of the Constitution is that "no mortgage, &ast; &ast; &ast; whether created by the husband alone or together with his wife, shall *ever* be valid," etc., and does not in any way distinguish or make any exceptions as to who may be the mortgagee—none are contemplated in fact; and the courts have no power to engraft any such exception upon that instrument, the effect of which would be to attempt to amend the Constitution by judicial interpretation.

In the case of Inge v. Cain, 65 Texas, 75, Judge Robertson, in delivering the opinion, after calling attention to the fact that under former Constitutions deeds of trust upon the homestead might be enforced, announces, as we believe, the true rule under the present Constitution, which he was considering, in the following laconic language: " By this provision none shall ' ever be valid.' If they are never valid they can never be operative. A distinction was also drawn before this [under former constitutions] between liens created by the *husband alone* and those created by both husband and wife. That distinction is abolished. Whether made by one or both it shall not ' ever be valid.' " " There is no reason for distinguishing their fates, and the language does not do so. What can not ' ever be valid' is never valid, and what is never valid is always void."

Upon this view of the law it was held that the subsequent divestiture of the property of its homestead character would not revivify the defunct trust deed, but the only point really decided was that a deed of trust executed by the husband alone on the homestead during the life of the wife was void and conferred no right or title. See also Hays v. Hays, 66 Texas, 606. Again we quote from the same opinion: " The owner [of the homestead] is no longer tempted to stake the home of his family upon desperate or delusive ventures, and the creditor can no more gamble upon the cessation of the homestead use," etc. " The Convention conceived that these were evils, and we think they have been effectually abolished." Inge v. Cain, *supra*.

If it should become an established rule of decision and of property in this State that a mortgage of the homestead by the husband to the wife made during coverture shall be valid and enforceable, then we think it would inevitably follow that the note and mortgage could be assigned to a third party and enforced by him as well as it could be in favor of the wife. This would lead to some striking anomalies never perhaps dreamed of by the framers of the Constitution, and in many instances of ruinous consequences as to the wife and the integrity and unity of the family and home. We see nothing that would prevent the husband from practicing the same devices and impositions upon the wife that are denounced in

such emphatic language in both Inge v. Cain and Lacy v. Rollins, *supra*. A loan from the wife could thus be easily simulated, or for that matter actually made, and a negotiable note and mortgage executed to her by her husband, with a view of transferring them to another party who, ignorant of the real facts of the transaction and paying value therefor, after maturity of the debt and default of payment could foreclose the mortgage, and in case of inability or unwillingness of the husband to redeem the property the result might and doubtless in many cases would be the deprivation of the wife and children of the homestead—of home and shelter—and this too without her consent manifested in the manner required by law. Rev. Stats., arts. 559, 560; Warren v. Jones, 69 Texas, 462.

Or again, the foreclosure of the mortgage might be enforced against the wife after the death of the husband by the assignee where the wife has been induced by "the specious promise of the husband that he would discharge the debt" to assign it to an alien and stranger; or the unity of the home and the happiness of the domestic circle as well as the constitutional protection might be seriously imperiled by the wife, while still amicably consorting with her spouse, resorting to foreclosure proceedings; or a purchaser thereunder of the homestead dispossessing both; or upon a decree of divorce and the awarding of the homestead to either, a subsequent dispossession thereof as a result of the mortgage being enforced, etc.

The homestead right is in the Constitution, where it ought to be, and the tending of the popular mind is to enlarge, not to restrict, the exemption. This is clearly pointed out in Miller v. Menke, 56 Texas, 550. As a consequence this provision should receive no *strained* construction.

This character of transaction between husband and wife ought not to be encouraged. Where an antenuptial contract that altered the mode of descent would be void under the statute, this court said in the recent case of Groesbeck v. Groesbeck, 78 Texas, 664, for graver reasons a postnuptial contract of like import would be likewise invalid. There is between husband and wife such unity of interest and estate and the right of possession in the homestead that would preclude the idea of a mortgage thereon from one to the other, or the inference that the Constitution ever contemplated investing either of them with such power. Campbell v. Elliott, 52 Texas, 159.

Those decisions which hold that the wife can convey her right in the homestead by a power of attorney, or is bound by an executory contract which she has duly made for the conveyance of her separate property, are not in anywise in conflict with the views we have expressed. We rest our decision mainly on the Constitution itself.

We have protracted this discussion no little out of deference to the views entertained by the learned trial judge. We are convinced, however, that we ought to, and we do, hold that the mortgage from the husband, B. E. Madden, to his wife, N. J. Madden, the appellee, on their homestead, exe-

cuted during the marriage relation between them, was and is void and can not be enforced by her, although he is now deceased.

We think that the judgment ought to be reversed and rendered in favor of the appellant, denying the right of the appellee to establish or enforce said mortgage, and the judgment to be certified to the County Court of Houston County for its guidance.

*Reversed and rendered.*