## W. J. Wingate v. Peoples Building and Loan Savings Association et al.

### Decided February 17, 1897.

**1.  Application of Payments—Incumbrance Void in Part.**

Where, without more specific application, money was paid upon a debt secured by trust deed,—such incumbrance being in part void as being for borrowed money and upon lots used as a business homestead, and in part valid, being for money paid in discharge of a former valid lien upon the lots,—the payments so made should be applied first to the discharge of so much of the incumbrance as was valid.

**2.  Homestead—Mortgage—Assumption by Purchaser.**

Where a vendee of land as part consideration therefor assumes the payment of a debt secured by his vendor's mortgage of the property, the mortgagee can enforce the lien therefor against such property though the mortgage was invalid because given upon the mortgagor's homestead.

**3.  Same.**

Where the purchaser bought subject to the incumbrance, but declined to assume the debt, he could not be held liable therefor, nor could the lien, if originally invalid, be enforced against him, though he had made payments thereon at various times after purchasing.

**4.  Notice—Mortgage—Assumption—Homestead.**

Where a deed of trust was given by the owner of lots, for money used to discharge a lien thereon given by his vendor and which was void as being a mortgage of the business homestead, but which the owner in purchasing had assumed to pay as part of the consideration for his purchase, a subsequent purchaser from such owner, with notice of such deed of trust, would, it seems, be charged with inquiry into its consideration.

APPEAL from the District Court of Runnels County. Tried below before Hon. J. O. WOODWARD.

The lots in controversy were formerly the business homestead of Greene & Rape, who mortgaged them for $1500, which was used to pay mercantile debts. Rape sold out to Jones who, as part of the consideration, appears to have assumed the payment of this indebtedness. Defendant company in its answer alleged that a portion of the debt secured by the trust deed from Greene & Jones in its favor was for money used to pay off this incumbrance, which was a valid lien on the property, and that it was entitled to subrogation thereto. Plaintiff replied, alleging the invalidity of such lien because given on the homestead.

*Guion & Truly,* for appellant.—A mortgage, deed of trust, or any sale with conditions of defeasance or pretended sale of the homestead of the head of the family is absolutely void, can never be waived or ratified, and is not only invalid but can never be made valid. Const., 1876, art. 16, sec. 50; Rev. Stats., 1879, art. 2336; Inge v. Cain, 65 Texas, 75; Hays v. Hays, 66 Texas, 606; Carter v. Hawkins, 62 Texas, 393; Goff v. Jones, 70 Texas, 572; Mortgage Co. v. Norton, 71 Texas, 683.

The homestead right, when once fixed, is an estate in the land. It is more than a mere privilege to occupy it. The land on which the estate has been fixed, is exempt from execution, mortgages or any lien, except for the purchase money, and a creditor has no right in it as a security for debt, nor can it be the subject of mortgage by its owner. Hargadene v. Whitfield, 71 Texas, 488.

A mortgage, deed of trust or lien acquired by levy, under process, on the homestead, creates no lien upon the property, and a purchaser of the property, by voluntary sale from the husband and wife owning the property, takes a good title, as by his purchase at such voluntary sale he is subrogated to all the rights and estate of his vendors. Hargadene v. Whitfield, 71 Texas, 488; Willis v. Mike, 76 Texas, 82; Wood v. Chambers, 20 Texas, 247; Miller v. Menke, 56 Texas, 559; Inge v. Cain, 65 Texas, 81; Cox v. Shropshire, 25 Texas, 113; Martel v. Somers, 26 Texas, 559.

The deeds of trust, being absolutely void but apparently valid on their face and duly recorded, constitute a cloud and incumbrance upon appellant's title, affecting injuriously the same, entitling him, under the facts in this case, to have said deeds of trust canceled and set aside, and to be quieted in his title to the property. Cassiano v. Ursuline Academy, 64 Texas, 673; 2 Am. & Eng. Ency., Law, 298 et seq.

The appellant having no notice whatever, at the time he purchased the property from Greene & Jones, that any part of the money borrowed from the appellee association was advanced for the purpose of satisfying the Yearns' vendor's lien note, or the Henry Rape note for $1500, and there appearing at the time of appellant's said purchase releases duly executed and recorded, of said indebtedness and the liens to secure the

same, such payment and satisfaction of said indebtedness by appellee association, if ever made, would in no manner affect appellant's title to said property, and he would be in no manner bound thereby.    10 Am. & Eng. Ency., Law, 396 and notes 1, 2 and 3; Shaver v. Williams, 87 Ill., 469; Cogswell v. Stout, 32 N. J. Eq.. 240; Ayers v. Hays, 60 Ind., 452; Etzler v. Evans, 61 Ind., 56; Burt v. Paper Mfg. Co., 86 Ill., 66.

. In order that a subsequent purchaser of property incumbered by mortgage or lien, may in any manner subject said property to such mortgage or lien, and become a privy with the mortgagee, or in any manner bound personally to pay the mortgage debt, or agree in a legal and effective manner to take the property subject to the mortgage debt, he must, by the terms and conditions of his deed or conveyance from his grantor, or by some other contemporaneous agreement or contract, in writing, enter into such contract so to do.    Rev. Stats., 1879, art. 2464; Hill v. Frost, 59 Texas, 25; Williams v. San Saba County, 59 Texas, 442; Sprague v. Haines, 68 Texas, 215; Masterson v. Little, 75 Texas, 682.

The pretended deeds of trust being absolutely void, as was correctly held in the court's conclusion of law, said deeds of trust are wholly inoperative, void, and of no effect; cannot form the basis of any right or claim; cannot be ratified; are dead from the beginning, and are incapable of resurrection; and under the express words of the Constitution, they can never be made valid for any purpose.    Rev. Stats., 1879, arts. 557, 551; Hargadene v. Whitfield, 71 Texas, 488; Inge v. Cain, 65 Texas, 81; Cummings v. Powell, 8 Texas, 85; 20 Am. & Eng. Ency., Law, 473, 475.

*Jenkins & McCartney*, for appellee, filed a motion for rehearing, which was overruled.

FISHER, CHIEF JUSTICE.—*Opinion.*—N. T. Jones and wife and H. M. Greene and wife on the 16th day of November, 1891, and on the 2nd day of December, 1891, executed in favor of appellee deeds of trust or mortgages with power of sale conveying lot No. 12 in block No. 8 in the town of Ballinger, to secure the payment of two notes executed by Greene & Jones payable to appellee, one for two thousand dollars and the other for five hundred dollars.

At the time these deeds of trust were executed the property therein described was the business homestead of Greene & Jones, who were then using the property as their place of business in selling goods, etc., as merchants and as partners.

Subsequent to the execution of the deeds of trust and at a time when it is not shown that Greene & Jones had abandoned said property and had ceased to use it as a place of business, they, by absolute deed, conveyed the property to the appellant, Wingate, who thereafter brought this suit to cancel the deeds of trust as clouds upon his title, on the ground that they were void, because executed and delivered at a time when the

property was the business homestead of appellant's vendors, Greene & Jones.

The court below in effect held that appellant Wingate, as a part of the consideration of his purchase, agreed to or was bound to pay off the mortgage debts due the appellee by Greene & Jones, and rendered judgment against the appellant and decreed that the property in question was subject to the deeds of trust in favor of appellee. The principal question in the case is whether this result is warranted by the facts.

It appears that about four hundred and twenty-five dollars of the amount which the deeds of trust were executed to secure was advanced by appellee for the purpose of paying off and discharging a vendor's lien note due by Greene & Jones to the original vendor, and the balance of the amount stated in the deeds of trust was in effect a loan to Greene & Jones.

The deeds of trust were undoubtedly valid in so much as they secured the payment of the amount used in paying off and discharging the prior vendor's lien, but they were void as to balance of the amount for which they were executed.

After the deeds of trust were executed Greene & Jones paid to appellee about six hundred dollars, before they sold to appellant, without any instructions as to the application of these payments as to any particular portion of the entire debt secured by the deeds of trust. Generally, in the absence of an application by the parties of the payment to any particular debt, the court will direct the application according to the justice and equity of the particular case. If a payment is made by a debtor upon a mortgage debt that is an incumbrance upon his homestead it is supposed to be made on the debt secured and to the end that the lien may be discharged; and the circumstances connected with the payment may indicate that it was the purpose to so apply the payment, although there is no express direction to that effect. It can not be supposed that Greene & Jones, whose business homestead was covered by the mortgages, in making the payments did not intend that they should be applied to the discharge of this lien; and no other conclusion can be reached but that they in making the payments considered and intended thereby that the mortgages were released and discharged to the extent of the payments made. Hence, if they, as men of ordinary prudence, had actually exercised their discretion in making an application of the payments, they would have been applied to the discharge of the valid lien upon the property. If property is covered by a lien upon the homestead which is valid in part and void in part, and payment is made without specific directions as to its appropriation, it would be fair for the court to apply it to the extinguishment of the lien, for such a ruling would be in keeping with the supposed intention of the parties and what they understood from the circumstances of payment as to how it was intended to go. First Nat'l Bank v. Hollingsworth, 6 Law. Rep. Ann., 93; Kuker v. McIntyre, 20 S. E. Rep., 976; Pattison v. Hull, 9 Cowen,

759; Windsor v. Kennedy, 52 Miss., 165; Laeber v. Langhor, 45 Md., 478.

With these views, we are prepared to hold that the payments made by Greene & Jones extinguished the vendor's lien, and that the deeds of trust as to the balance of the debts secured were void.

We next consider the main question in the case, whether the appellant, as a part of the consideration of his purchase of the property from Greene & Jones, agreed or became bound to pay the debts due appellee by Greene & Jones. If this was the case the appellee upon this promise could hold the appellant liable for the debt and could enforce the vendor's lien upon the property. In other words, by reason of this promise and agreement, they would have the same right to enforce a lien upon the property in their favor as would exist in favor of the vendors of appellant, as by such agreement the rights of the vendors are conferred upon the appellees. But, in our opinion, the facts do not establish such promise or agreement upon the part of appellant. There are some facts and circumstances in the record which tend to show that the appellant did after his purchase pay to appellee some of the amount due it by Greene & Jones; but the evidence of all of the parties who were present when the property was purchased by appellant, as well as the recitals contained in his deed, clearly show that he expressly refused and declined to purchase the property upon the part consideration that he would pay the debt due appellee, and that such debt was in no wise assumed by him and did not enter into and become a part of the consideration for such purchase. The evidence upon this question did not warrant the judgment of the court below, and it would seem logical, in the view we take of the question, to render judgment here, but in view of recent rulings by the Supreme Court we doubt our power to do so, and therefore will reverse and remand the case.

We express no opinion as to right of appellee, if any, arising from the promise by Jones to pay the debt due by his vendor, Rape, as a part of the consideration for his purchase of a half interest in the property from Rape, because this question is not raised by the pleadings.

In view of another trial, we express the opinion that we seriously doubt if under the facts the appellant occupies the position of a purchaser without notice. He knew of the existence of the deeds of trust when he purchased, and therefore we are inclined to the opinion that he is charged with inquiry into the consideration upon which they were based.

For the reason stated the judgment below is reversed and the cause remanded.