## Anthony Dotson v. Jesse Barnett et Ux.

Delivered May 20, 1897.

**1. Homestead—Right Under Parol Purchase—Subsequent Deed.**

The homestead right attaches to the interest of a vendee under a parol purchase who takes possession of and improves the land and occupies it as a homestead, and he can not deprive his wife of her homestead right therein by procuring the vendor to deed it to a third person.

**2. Same—Rent Contract as Estoppel.**

A husband can not estop himself and his wife to assert their right to a homestead by executing a deed of the land and taking back a lease or contract for the payment of rent.

Appeal from Jasper. Tried below before Hon. Stephen P. West.

*W. W. Blake,* for appellant.

No brief for appellees reached the Reporter.

WILLIAMS, Associate Justice.—Appellee Jesse Barnett, about ten or twelve years before the trial below, by verbal agreement, bought from one Ben Red the thirteen acres of land in controversy, a part of a tract of fifty-six acres then owned by Red. Appellee paid for the land, and at once took possession, built houses upon the land, and put it in cultivation. Some years afterwards he married, and he and his wife, the other appellee, have ever since lived upon and used the land as a homestead.

About March, 1891, Jesse Barnett directed Red to make a deed for the land to appellant, and on that date the deed was accordingly executed by Red and wife, and duly acknowledged by the latter. The evidence conflicts as to the purpose for which this was done; appellee claiming that the deed was intended as a mortgage to secure appellant for advances made by him, and appellant claiming that it was an absolute sale for a valuable

consideration paid for it.  The court below found this issue in appellant's favor.

After this conveyance Barnett executed a written contract renting the land from appellant and agreeing to pay him rent therefor, and for some of the years since, appellant has collected the rent by legal process. Barnett's wife had no connection with the sale of the land to appellant and the rent contract.  The evidence does not show that the land, when sold by Red to Barnett, was part of the homestead of the former, and the court below so found.

On the 21st day of October, 1893, Red and wife duly executed a deed to appellees for the land, and on November 22, 1893, the latter brought this action of trespass to try title against appellant to recover it, and judgment having been rendered in favor of plaintiffs, this appeal is prosecuted to reverse it.

The theory upon which the trial judge rendered the judgment is, we think, the correct one.  As the land is not shown to have been part of the homestead of Red and wife at the time of the verbal sale to Barnett, the contention of appellant that, at the date of their deed to him, the title remained in them, because it could not be divested by a parol sale, can not be maintained.  The principles ordinarily applicable to parol contracts for the sale of the land, therefore, apply here.

Even if it were shown that the land was a homestead at the time of the contract and of the action taken under it by Barnett, it might be contended with great force that the facts in evidence are sufficient to show an abandonment of any homestead right of Red and wife long before the conveyance to appellant.  Thomas v. Quarles, 64 Texas, 491.

By paying for, taking possession of, and improving the land, Barnett acquired a right to it superior to the bare legal title held by Red, which entitled him to hold the possession and to obtain specific performance. This was a title to which the homestead right attached, and which could, therefore, be conveyed only by the joint deed of the husband and wife, privily acknowledged by the latter.

It was not in the power of the husband to divest it by his own contract, nor in that of Red to divest it by a conveyance of the legal title to another. The deed of the latter to appellant was therefore ineffectual.  It was equally beyond the power of the husband to create an estoppel against the assertion of their right to the homestead by executing a lease or contract for the payment of rent.  Dykes v. O'Connor, 83 Texas, 160.

Upon the uncontroverted facts, plaintiffs were entitled to judgment, and it is unnecessary to consider the assignments complaining of the admission of evidence.

*Affirmed.*