### CLARENCE H. SWEET V. CARRY LYON ET AL.

#### Decided May 17, 1905.

**1.—Homestead—Parol Gift—Vendor's Lien.**

Where a homestead was acquired and designated under a parol gift, with possession and improvements on the faith thereof, no valid lien could be created against it under color of a conveyance from the apparent holder of title with a reservation of a vendor's lien for purchase money.

**2.—Foreclosure—Homestead—Pleading.**

Where in a suit to foreclose a vendor's lien defendant claimed to have acquired title to the land by parol gift, an avoidance of this plea on the ground that it was grantor's homestead is not available to plaintiff unless pleaded.

**3.—Error—Amount of Judgment—Motion for New Trial—Costs.**

Error in failing to render judgment for the full amount of a note sued on may be corrected on appeal; but if it was not presented on motion for new trial below appellant must pay the costs of appeal.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*J. M. Willis* and *H. G. Evans,* for appellant.—The court erred in rendering judgment in favor of plaintiff for $670.04, when the undisputed evidence is that there is due and owing to this plaintiff on the note sued upon the sum of $709.22, being the principal, interest, and

attorneys' fees as shown by said note. Where a deed conveying land by its terms reserves a lien upon the property to secure the payment of a specific sum of money, no homestead right in the property can be acquired by the purchaser as against the lien, though the sum named constitute no part of the purchase money proper. The title only vests subject to the lien. Berry et al. v. Boggess, 62 Texas, 239; Jones et al v. Male, 2 Texas Ct. Rep., 518; Wright v. Campbell, 82 Texas, 388.

Sweet having perfect title to lot 1, block 20, in the town of Trenton, being the head of a family and the said lot constituting his homestead, no part of it could be disposed of by parol. And a donee or a purchaser knowing that the property was the homestead, is legally charged with the knowledge that it can only be conveyed by a deed from husband and wife, duly acknowledged by her. Rev. Stats., art. 560; Robert v. Ezell, 11 Texas Civ. App., 176; Bridges v. Johnson, 69 Texas, 714; Morris v. Wells, 66 S. W. Rep., 248.

No briefs were on file for appellees.

EIDSON, ASSOCIATE JUSTICE.—Appellant brought this suit in the court below on a promissory note alleged to have been executed by appellee, W. L. Lyon, on the 7th day of February, 1902, in favor of appellant, for the sum of $500 bearing interest at the rate of ten percent per annum from the 1st day of January, 1902, interest payable annually, and stipulating for ten percent additional on principal and interest for attorney's fees; and alleged that said note was given for part of the purchase money of a certain lot of land and improvements thereon situated in the town of Trenton, in Fannin County, Texas.

Appellant also alleged that at the date of the execution of the note appellants, O. Sweet and M. E. Sweet, executed a deed of conveyance to appellees for said lot of land, and, in said conveyance, retained a lien to secure the payment of the said note. Appellant prayed for judgment for the amount of said note, principal, interest and attorney's fees and for a foreclosure of his alleged lien upon the said lot of land and improvements thereon.

The record does not show that appellee, W. L. Lyon, filed any answer in the case. Appellee, Carry Lyon, answered by general demurrer, general denial and pleaded specially, in substance, that she is the wife of appellee, W. L. Lyon, and that she and her husband had been living separate and apart since April 3, 1904, and are still living separate and apart, and that she and her husband occupied said lot continuously since November, 1901, and up to their separation, as their homestead, and that since their separation, she and her children have occupied same as their homestead; that the lot in controversy was conveyed to her and her said husband, by O. Sweet and M. E. Sweet, acting for themselves and appellant, with full authority from said appellant so to act, who were the owners of said lot or parcel of land, by parol gift in November, 1901, by clear designation and description and by marking and staking out said lot and giving same into possession of her and her said husband and that same was given to her and her said husband in fee simple title without any reservation, that she and her said husband with full knowledge of said donors took possession of said land upon the belief that it

had been given to them, and in December, 1901, erected permanent improvements upon said lands upon the faith of the gift to them; that the improvements erected by them consisted of a dwelling house valued at $1,200 and that the value of the original lot, independent of said improvements, was $100 and that their possession of said lot had been continuous and uninterrupted since November, 1901. Said appellee further alleged that the note sued on was not a vendor's lien note and was not given to secure any part of the purchase money of said lot, but that said note is an attempted lien on said homestead of said appellee, given by W. L. Lyon to secure the loan of money made by M. E. Sweet to him the said W. L. Lyon and appellee Carry Lyon; that said alleged lien was given in February, 1902, long after appellees had gone into possession of said lot as their homestead and after they had erected permanent improvements thereon; that said lot was the homestead of appellees when said note, here sued on, was given; that said note is signed by W. L. Lyon and is not signed by Carry Lyon, and that said Carry Lyon failed and refused to sign said note and said note does not and can not constitute a valid lien on her homestead for the reason that it was not given as a part of the purchase price thereof. Appellee, Carry Lyon, further alleged that said note was given for money borrowed and that a part of said money was used in the erection of improvements on her said homestead, but that said improvements were erected prior to the execution of said note. Appellee, Carry Lyon, prayed that the alleged parol gift of said land to her and her husband be established, and that she have judgment for said land and that she also have judgment establishing her homestead right in said premises and declaring said note an invalid mortgage on said premises.

Appellant, by supplemental petition, presented a general demurrer and general denial to appellee, Carry Lyon's, said answer.

The case was submitted to the court without a jury and judgment was rendered for the appellant against W. L. Lyon for the sum of $670.04, without foreclosure of the lien prayed for.

There are no conclusions of fact or law embraced in the record. We find that the material allegations of the special answer of appellee, Carry Lyon, are supported by the evidence, and that the note sued on was not given for the purchase money of the land in controversy and that the lot of land in controversy was the homestead of W. L. and Carry Lyon at and prior to the execution of the note sued on and was such homestead up to the separation of the said W. L. and Carry Lyon and thereafter, and, at the date of the trial, was the homestead of appellee, Carry Lyon.

There was no controversy as to the execution of the note sued on by W. L. Lyon, nor as to his personal liability thereon.

Appellant's second assignment of error complains of the refusal of the court to foreclose the alleged lien upon the premises described in his petition upon the ground that said lien is fully expressed and reserved in the deed executed by O. Sweet and his wife M. E. Sweet and Clarence Sweet of date February 7, 1902, and that said lien is acknowledged and retained in the note sued on to secure the payment thereof, principal, interest and attorney's fees.

Appellant's first proposition under this assignment of error is that

where a deed conveying land by its terms reserves a lien upon the property to secure the payment of a specific sum of money, no homestead right in the property can be acquired by the purchaser as against the lien though the sum named constitute no part of the purchase money proper, the title only vests subject to the lien.

We are of the opinion that appellant's contention as manifested by this proposition is not sound, especially when attempted to be applied to the pleadings and evidence in this case. Appellee, Carry Lyon's special answer and the evidence adduced in support thereof show that the homestead character was impressed upon the lot in controversy prior to the execution of the note sued on and that the note was not given for the purchase money of said lot. The property being a homestead, no valid lien could be given upon it. Texas Land & Loan Co. v. Blalock, 76 Texas, 88; Freeman v. Hamblin, 1 Texas Civ. App., 163; Kempner v. Comer, 73 Texas, 196.

Appellees acquired title to the lot in controversy by virtue of the parol gift, taking possession in pursuance thereof and making valuable permanent improvements thereon. Wooldridge v. Hancock, 70 Texas, 21; Baker v. DeFreese, 2 Texas Civ. App., 529; Samuelson v. Bridges, 6 Texas Civ. App., 428; Doyle v. First Nat. Bank, 50 S. W. Rep., 480.

Appellant's second proposition under his second assignment of error is not germane to the assignment of error, and, therefore, is not entitled to consideration. However, if appellant could assert any right to the lot by virtue of it being his homestead prior to and at the time of making the parol gift to appellees, he had no pleadings raising such issue in this case, and, without such pleadings, he could not avail himself of any such right.

By his first assignment of error appellant contends that the court erred in rendering judgment in favor of appellant for $670.04 when the undisputed evidence is that there is due and owing to appellant on the note sued upon the sum of $709.22, being the principal, interest and attorney's fees as shown by said note. We think appellant is correct in this contention and the judgment of the court below will be reformed so as to recite the amount recovered by appellant, including principal, interest and attorney's fees, to be $709.22 instead of $670.04. But apellant is not entitled to the costs of appeal on account of not having called the attention of the court below to the mistake in the amount of the judgment by motion for a new trial or otherwise, as evidently if he had done so that court would have made the proper correction.

The judgment of the court below is reformed as above indicated and affirmed.

*Reformed and Affirmed.*

Writ of error refused.