## J. W. BABCOCK v. ANDREW LEWIS.

*Decided October 21, 1908.*

**1.—Sale of Land—Parol Agreement—Specific Performance—Possession.**

Plaintiff, who had taken exclusive possession of and improved land under a parol agreement of sale, was not precluded from maintaining an action for specific performance by having thereafter admitted the vendor into joint possession with him, subordinate to and under contract with plaintiff.

**2.—Sale of Land—Specific Performance—Tender of Purchase Money.**

Where the vendor, in a parol contract for the sale of land, repudiates the agreement and refuses to convey except on payment of a greater sum, the purchaser, insisting on the contract being carried out, is not bound to first make a formal tender of the balance of purchase money due thereunder.

**3.—Specific Performance—Payment and Improvements.**

Evidence considered and held to show a payment of part of purchase money

and the making of valuable improvements under a parol contract to sell land, neither of which could be held too trivial to entitle the purchaser to specific performance.

**4.—Same.**

The fact that the vendor in a parol contract for sale of land furnished materials and labor for the erection of improvements thereon did not entitle him to add the amount so expended to the price the purchaser must pay to get a conveyance where such was not their agreement, or where he was to receive his compensation otherwise, as by joint use of the improvements.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*J. F. Dabney* and *E. B. Pickett,* for appellant.—A party suing to enforce a verbal sale of land must show that, under the contract, he took exclusive possession of the land, and that the same was not a mere joint occupancy with vendor of a building erected by the latter on the land. Ward v. Stewart, 62 Texas, 335; Munk v. Weidner, 9 Texas Civ. App., 491; Wooldridge v. Hancock, 70 Texas, 22.

To constitute a sufficient tender a party must not only offer the money due, but at the time must have, and be able to immediately hand over to the person to whom it is due, the entire sum in cash which is so due. Insurance Co. v. Busbee, 3 Texas App. C. C., sec. 103; Stone L. & C. Co. v. Bond, 73 Texas, 556; Eustis v. Henrietta, 37 S. W., 634.

Improvements that only involved slight expense, and are of a trivial, non-permanent nature, will not entitle the purchaser to hold the land. The value of said improvements and the payments was less than the value of the use and occupancy of the premises in controversy, which plaintiff had enjoyed and gained while he was in joint possession thereof with defendant. Lodge v. Leverton, 42 Texas, 24; Eason v. Eason, 61 Texas, 227; Wells v. Davis, 77 Texas, 638; Wisconsin & M. Ry. Co. v. McKenna, 102 N. W., 281; Poorman v. Kilgore, 26 Pa. St., 365; Burris v. Landers, 46 Pac., 163; Purcell v. Miner, 4 Wall., 517; Hunt v. Lipp, 46 N. W., 637; Pomeroy on Contracts, pp. 184-6.

One placing valuable improvements on a tract of land with the consent of the party claiming title thereto, can not afterwards recover the land without paying the value of the improvements so erected thereon. Davison v. Poole, 65 Texas, 376; Long v. Cude, 75 Texas, 225; Eberling v. Verein, 72 Texas, 341; Van Zandt v. Brantley, 16 Texas Civ. App., 420; Wood v. Cahill, 21 Texas Civ. App., 38; Saunders v. Wilson, 19 Texas, 202.

*F. M. & C. F. Stevens,* for appellee.—The agreement for completing the improvements did not oust the purchaser of his original possession. Davison v. Poole, 65 Texas, 376; Brown v. Pitts, 37 S. W., 693.

The purchaser is not required, before obtaining a decree for specific performance, to make actual payment or tender of payment into court. Kalklosh v. Haney, 4 Texas Civ. App., 120; Span v. Stearns, 18 Texas, 556; Ward v. Worsham, 78 Texas, 180; Krugel v. Berry, 75 Texas, 230.

The plaintiff is only required to show that he has performed his part of the contract or is ready and able to do so. Gober v. Hartt, 36 Texas, 140; Lovejoy v. Roberts, 36 Texas, 612; Hatch v. Garza, 7 Texas, 65.

Improvements to the extent of ten percent of the value of the land are permanent and valuable, and hence sufficient to enforce a parol sale. LaMaster v. Dickson, 17 Texas Civ. App., 473.

Though the value of use and occupation is greater than the value of the improvements, equity will act, and declare the title to be in the vendee. Wells v. Davis, 77 Texas, 636; Milmo Nat. Bank v. Convery, 49 S. W., 927; Doyle v. Banks, 50 S. W., 480.

KEY, ASSOCIATE JUSTICE.—This is a suit for the specific performance of a contract for the sale of land. The plaintiff pleaded a written contract which the trial court held did not sufficiently describe the land, and the case was submitted to the jury upon the plaintiff's contention that he had paid such portion of the purchase money, held such possession, and made such improvements as entitled him in equity to a decree for specific performance. Upon a verdict rendered in his favor the court entered judgment for the plaintiff, and the defendant has appealed.

No complaint is urged by appellant against the court's charge, or any ruling made during the progress of the trial. All the assignments in appellant's brief assail the verdict of the jury. The first contention is that the evidence fails to show such exclusive possession by the plaintiff as is required for. the enforcement of a parol contract for the sale of land. This assignment is overruled, because the testimony of both the plaintiff and defendant shows that the plaintiff took possession of the land under the contract of sale, dug a well thereon and put in the foundation of a building intended to be used as a stable for live stock. According to the plaintiff's testimony, by agreement between him and the defendant, the latter was thereafter admitted into joint possession with the plaintiff, and, acting together, they changed the plaintiff's plan and erected a larger stable, which was used for more than a year by both of them, each using practically half of the building. This joint possession of the property by the consent of the plaintiff did not change the fact that the plaintiff took exclusive possession of the land under the contract of sale and made valuable and permanent improvements thereon. In fact, according to his testimony and that given by the witness Rush, which seems to have been accepted by the jury, the defendant's possession was under contract with and subordinate to the possession of plaintiff. If such was the case, and the defendant occupied toward the plaintiff the relation of tenant, then the defendant's possession was, in legal contemplation, possession by the plaintiff..

The second assignment challenges the verdict upon the contention that the testimony shows that there was never any tender on the part of the plaintiff to pay the balance of the agreed purchase price for the land. This assignment is not regarded as tenable. The agreed price of the land was $100, of which amount the proof shows the plaintiff had paid to the defendant $37, leaving a balance due on the land of $63. The plaintiff admitted and testified that he was indebted to the defendant $97 more for material used in constructing the stable and paid for by the defendant. His testimony also shows with reasonable certainty that he could and would have paid the defendant these two sums, amounting to $160; that he attempted to settle with him upon that basis and the defendant refused to do so, and declared that he would not convey the

land to the plaintiff or anyone else for less than $450. That declaration by the defendant constituted a repudiation of the contract, and rendered it unnecessary for the plaintiff to make a formal tender of the amount actually due.

Under the third assignment two propositions are presented. The first is that the improvements made on the land by the plaintiff, and the amount of purchase money paid by him, were too slight and trivial to entitle him to hold the land. On that proposition the evidence is clearly against appellant, and that contention can not be sustained. The second proposition asserts that trivial and insignificant expenditures and improvements, which do not equal in value what the vendee has gained by his occupancy of the land, do not entitle him to have enforced a verbal contract for the sale of such land. The purchase money paid by the plaintiff and the improvements made on the land by him were not trivial and insignificant, and for that reason we rule against him on the point under consideration. (Wells v. Davis, 77 Texas, 636.)

The fourth and last assignment of error asserts that the uncontradicted evidence shows that the plaintiff ceased all effort to place any improvements on the premises in controversy, and yielded possession to the defendant, and agreed that the latter might complete the improvements, which he did; and, consequently, the plaintiff should not recover the land without refunding to the defendant the value of the improvements so placed thereon by the defendant, which value the evidence shows was $300 or more. The record does not sustain this assignment. The uncontradicted evidence does not show that the plaintiff ceased all effort to place improvements on the land. On the contrary, according to the plaintiff's testimony, after he consented for the defendant to join him in building the stable, he furnished material and aided in person in its construction. It may be conceded that the defendant furnished most of the material that was used in the building, but according to the plaintiff's testimony it was agreed that he was to become liable for only the $97 lumber bill paid by the defendant, and which the judgment of the court below fixes as a charge against the land, and requires the plaintiff to pay, in order to recover the land. It may also be conceded that the defendant furnished and paid for most of the labor that was used in constructing the building, but according to the plaintiff's testimony he agreed to do that for the joint use of the building, which he subsequently enjoyed. Such being the case, it constituted no charge against the plaintiff or the land.

This disposes of all the questions presented in appellant's brief, and our conclusion is that, upon all the issues submitted to the jury, the verdict finding for the plaintiff is supported by testimony.

No error has been pointed out, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.