## TRAMMELL et ux. v. ROSEN.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 22, 1913. On Motion for Rehearing, Jan. 17, 1914.)

1. HOMESTEAD (§ 96*)—LIENS ENFORCEABLE AGAINST HOMESTEAD.

If, as claimed, a lot intended as a place of residence was purchased by a husband with 20 other lots for a lump sum, the vendor's lien reserved was enforceable against such lot, thereafter occupied as a homestead, for the full amount of the purchase price of all the lots; no homestead right attaching prior to the creation of the lien, and the purchaser taking title subject to the lien.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

2. HOMESTEAD (§ 96*) — LIENS ENFORCEABLE AGAINST HOMESTEAD.

If, as claimed, a lot intended as a residence and thereafter occupied by a husband and wife as a homestead was purchased prior to the purchase of 20 other lots, possession taken, and permanent and valuable improvements made thereon prior to the purchase of the other lots though it was not actually occupied, it was impressed with the character of a homestead though the legal title was not conveyed until the conveyance of the other lots, and the homestead right could not be destroyed by the execution of vendor's lien notes on the whole 21 lots for the purchase price of all by the husband alone.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Sam Rosen against W. M. Trammell and wife. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

See, also, 157 S. W. 1161.

Harris, Harris & Young, of Ft. Worth, for appellants. Slay, Simon & Wynn, of Ft. Worth, for appellee.

CONNER, C. J. On October 31, 1910, Sam Rosen instituted this suit against W. M. Trammell to recover upon 64 of a series of 98 notes executed by W. M. Trammell, and to foreclose the vendor's lien securing the same upon numerous lots in the Rosen Heights addition to North Ft. Worth. W. M. Trammell, joined by his wife, answered that lot 7, block 56, of the lots sought to be charged by the plaintiff constituted their homestead at and prior to the execution of the notes sued upon and they prayed that it be discharged from the asserted lien. It was also alleged that the plaintiff had wrongfully sequestered and obtained and retained possession of the said homestead to their damage which they sought to recover. In accordance with a peremptory instruction, the verdict and judgment was for the plaintiff on all issues, and the defendants prosecute an appeal.

It is undisputed that on the date of the notes in controversy, June 25, 1904, appellee Rosen executed and delivered to appellant W. M. Trammell a deed to 21 lots in Rosen Heights, including said lot 7; that W. M. Trammell at the same time and as consideration therefor executed and delivered to Rosen 98 promissory notes, payable monthly, the deed and notes retaining the vendor's lien upon all lots described in the deed from Rosen; that of the notes so executed only 34 have been paid, leaving 64 at $20 each unpaid and upon which the suit was instituted.

The testimony of appellant W. M. Trammell and his wife was to the effect that in the early part of May, 1904, preceding the execution of the deed and notes mentioned, they contracted for the purchase of lot 7 alone; that said lot had been purchased with the view of constituting it their homestead; that they immediately began erecting thereon a dwelling house, appellee agreeing to become security for such lumber as might be needed; that about the middle of May, 1904, the lumber, which cost $466.39, was delivered upon the lot, and the house completed at a total cost of about $1,300; that in the erection of said building they provided out of their own means for all labor, material, etc., save for said lumber; that immediately upon the completion of the building they at once went into possession of the house and lot and occupied the same as a homestead; that it was after such improvement and occupancy, to wit, on June 24, 1904, that Rosen and appellant W. M. Trammell met for the purpose of closing the purchase of said lot 7 by the making of deeds and notes, etc., when without the knowledge of appellant Iva D. Trammell, wife of said W. M. Trammell, the latter at the suggestion and instance of Rosen further agreed to the purchase of 20 other lots for which, as well as for lot 7, Rosen made conveyance, reserving therein the vendor's lien upon all lots described in the deed, to secure W. M. Trammell's promissory notes as then agreed upon, to wit, 98 for the sum of $20 each; that by the terms of the original agreement for the purchase of lot 7 they were to give $140 only, payable in monthly installments of $20 each; that of the series of notes given by Trammell on the 24th of June, 1904, notes from 1 to 35, pursuant to an agreement with Rosen, were by the latter transferred to the lumber company in payment of the lumber going in to the appellants' homestead; and that these notes had been fully paid by appellants. The testimony of appellants also was to the effect that they had later paid 11 other notes of the series. Appellants' testimony was further to the effect that, while temporarily absent from their home and upon the institution of the suit, appellee Rosen had sequestered the said home by reason of which they had been damaged; but, in the view we have taken of the case, it will be unnecessary to specify particulars relating to this issue.

[1] The appellee Rosen in his testimony denied the separate purchase of lot 7, testifying to the effect that lot 7 and the other 20 lots were all contracted for at the same time, lot 7 being intended as a place of residence, and the remaining 20 lots, which were adjoining, for the purpose of maintaining a dairy; that no separate price had been fixed for lot 7; that the entire 21 lots were sold at the lump sum of $1,500; that when the deed and notes had been executed the purchase price of the lumber was added thereto and notes given for the whole; that there was no agreement with Trammell that, as soon as a part of the notes were paid, the house and lot were to be released from the lien.

If the transaction under consideration be established as indicated by the deed and notes and as interpreted by the testimony of appellee Rosen, there can be no doubt of appellee's right to enforce a vendor's lien upon lot 7, as well as upon the other lots involved in controversy. In such case no homestead right in appellants attached prior to the creation of the lien, but they took title to lot 7, as well as to the other lots, subject to the lien evidenced by the deed and notes. See Berry v. Boggess, 62 Tex. 239; McCarty v. Brackenridge, 1 Tex. Civ. App. 170, 20 S. W. 997; Jones v. Male, 26 Tex. Civ. App. 181, 62 S. W. 827; Kalteyer v. Mitchell, 110 S. W. 462; Id., 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889. These cases proceed upon

the theory that the husband may incumber property intended for a homestead with a lien for money not a part of the purchase money, that the lien is good at least as a contract lien, and that the purchasers take title subject to the burden of the lien as evidenced in the conveyance under which they claim.

[2] But we are of the opinion that the case now before us is distinguishable from those cited. The evidence we think of appellants hereinbefore briefly stated tended, if credited, to establish in them a pre-existing homestead right, which could not be destroyed by the act of the husband alone. If true, as in effect testified to by them, that the purchase of lot 7 was prior to and distinct from that of the purchase of the remaining 20 lots, and that by virtue of the contract for the purchase of lot 7 appellee delivered to them possession and they thereupon erected permanent and valuable improvements as their evidence tends to show and occupied the building by them constructed as their homestead prior to the final purchase of the remaining 20 lots and prior to the execution of the deed and notes mentioned, then they had such equitable title as would compel the conveyance of a legal title and constitute a possession to which the homestead right would attach. See Wells v. Davis, 77 Tex. 638, 14 S. W. 237; Babcock v. Lewis, 52 Tex. Civ. App. 8, 113 S. W. 584; Sweet v. Lyon, 39 Tex. Civ. App. 450, 88 S. W. 384; Bone v. Cowan, 37 Tex. Civ. App. 519, 84 S. W. 385; Seay v. Fennell, 15 Tex. Civ. App. 261, 39 S. W. 181; Kallman v. Ludenecker, 9 Tex. Civ. App. 182, 28 S. W. 579; Dotson v. Barnett et ux., 16 Tex. Civ. App. 258, 41 S. W. 99; Madden v. Madden, 79 Tex. 600, 15 S. W. 480; Wingate v. People's Bldg. & Loan Ass'n, 15 Tex. Civ. App. 416, 39 S. W. 999; Paschall v. Pioneer Savings & Loan Co., 19 Tex. Civ. App. 102, 47 S. W. 98. The court therefore erred in taking the issue from the jury by giving the peremptory instruction assigned as error.

A number of other errors are assigned, such as to the action of the court in excluding the issue of damages for the alleged wrongful issuance of the writ of sequestration and in excluding certain testimony relating to the issue of homestead and to the issue of damages, but these rulings were doubtless influenced by the trial court's view upon the controlling question, which we have discussed and will not likely occur on another trial. We therefore will not further discuss the assignments of error, but conclude that, because of the error discussed, the judgment should be reversed and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

In stating the facts in our original opinion herein we find that we were mistaken in the statement to the effect that the house upon lot 7, herein claimed as a homestead, was occupied by appellant and wife at and prior to the time of the execution of the deed and notes mentioned in the opinion. The statement of facts shows that the actual occupancy as a residence or the dwelling occurred later. This fact, however, we do not regard as material, for the testimony in behalf of appellants seems to make it clear that the selection of the lot, the building of the house, and other acts of preparation were sufficient to impress upon the lot the character of a homestead.

We therefore, with the correction stated, adhere to our original opinion and overrule the motion for rehearing.