JOSEPHINE H. RYAN ET AL. v. J. B. WILSON ET AL.

(Case No. 4300.)

1. PAROL AGREEMENT FOR SALE OF LAND — STATUTE OF FRAUDS.—
   The minor heir takes the estate cast by the death of the ancestor,
   subject to be divested for payment of his debts, and free from being
   incumbered by any equities that may subsequently arise from im-
   provements made under a verbal sale by the ancestor. The verbal
   agreement to convey, being in contravention of the statute of
   frauds, cannot be enforced on account of occupancy and valuable
   improvements made under it, after the death of the ancestor.
2. FACT CASE.— See statement for case in which it was held that a
   judgment was rendered divesting the rights of heirs which was
   unauthorized by pleadings.

APPEAL from Tarrant. Tried below before the Hon.
A. J. Hood.

J. B. Wilson and Winfield Scott, as the assignees at
sheriff's sale of Alex. Canto and L. H. Stein, brought
this suit against Arthur Hirshfield as executor of John
S. Hirshfield, J. P. Smith in his own right, and against
appellant Josephine H. Ryan as the guardian of the per-
sons and estate of minor children of John S. Hirshfield,
deceased, to enforce specific performance of a parol con-
tract for the sale of lots 3 and 6, in block 10, and lot 3, in
block 9, Smith and Hirshfield's addition to the city of
Fort Worth, alleged to have been made by J. S. Hirsh-
field, deceased, and J. P. Smith to Alex. Canto and L. H.
Stein. Plaintiffs claimed to have acquired the right of
Canto and Stein by purchase at sheriff's sale.

On the 23d day of September, 1880, L. H. Stein, by
leave granted, intervened in the suit, denying the plaint-
iffs' right to enforce a specific performance of the con-
tract, setting up the same, and praying for title to a
portion of the property.

On September 24, 1880, J. P. Smith and Arthur Hirsh-
field answered Smith without citation, and Hirshfield
upon citation issued that day, and which required him

to appear at the *January term* of the district court of
Tarrant county.  On the same day judgment by default
as to Ryan and Ryan was taken.  On September 30, 1880,
plaintiffs filed an answer to the plea of intervention of
L. H. Stein, and in this answer prayed that Alex. Canto
be made a party defendant.  On same day Josephine H.
Ryan moved the court to set aside judgment by default,
and filed an answer for herself and the minors, pleading,
1st, general demurrer; 2d, special exceptions that there
was a nonjoinder of parties; that L. H. Stein and Alex.
Canto were proper and necessary parties to the action,
and that the minors named in plaintiffs' petition are not
made parties.  Third general issue: The same pleas and
demurrers by these defendants to L. H. Stein's interven-
tion.  On the same day Ryan as guardian filed an
amended answer setting up the same defenses.  On same
day Canto answered the plaintiffs' plea and admitted the
plaintiffs' allegations in their petition to be true, and
adopted the same as his own answer, and prayed that
Stein's property be subjected to the payment of his debts.

On the 1st day of October, A. D. 1880, appellant as
guardian amended her answer, setting up the same de-
fenses as she had made on the 30th of September, and
suing in "trespass to try title," pleading in reconvention
to recover the lots of plaintiffs and the defendants and of
Canto and Stein; to remove cloud, and to recover the
rents and profits of same, and for general relief.

On the 1st day of October, 1880, the cause came on to
be heard, and the court on motion struck out the original
and amended answer of the guardian, filed September 30,
1880, and refused to strike out the amended answer and
plea in reconvention of appellant as guardian, filed in the
cause on October 1, 1880, and overruled plaintiffs' de-
murrer to same.  A trial was had, a jury being waived,
judgment for the plaintiffs for lots 3 and 6, in block 10,
and decreeing specific performance as to these two lots

and refusing it as to lot 3, in block 9. Appellant, as guardian, excepted to the judgment, and gave notice of appeal.

*Mabry & Carter*, for appellants.

No briefs on file for appellees.

WATTS, J. COM. APP.—A question fundamental in character is presented by the record, that obviates the necessity of an examination in detail of the various errors assigned by the appellant.

The suit is to enforce the specific performance of a verbal agreement to convey land. The record shows that Hirshfield died about three days after the agreement was made, and before any improvements were placed upon the land, or any of the purchase money paid or tendered. At that time it was a naked agreement to convey land, and was void, being in contravention of the statute of frauds. R. S., art. 2464; Garner *v.* Stubblefield, 5 Tex., 552; Ann Berta Lodge *v.* Leverton, 42 Tex., 18.

At Hirshfield's death his estate vested in his legatees, unaffected by the supposed verbal agreement made some three days prior thereto, and by which he and Smith were to convey the lots in controversy to Canto and Stein. If he had lived, and Canto and Stein, in pursuance of the verbal agreement, had gone upon the lots and made valuable improvements thereon, and paid or tendered the purchase money, then a specific performance might have been decreed, not, however, by virtue of the naked agreement, but on account of the equities arising from the conduct of the parties. At the time the estate vested in the legatees by the death of Hirshfield, the agreement was void as to him as well as all others; and this being the case, Canto and Stein could not by their subsequent acts make valid the void agreement, so as to defeat the rights of Hirshfield's legatees.

The effect of his death was to vest his estate in the

legatees, unaffected by the void agreement, and subject to be divested for the purposes of administration only; that is, for the payment of debts and consummating executory contracts made during his life. That event placed his estate in the possession of his executor, to be by him administered under the directions and pursuant to the orders of the probate court. The estate was in course of administration, and Canto, Stein and all others must be held to have notice of the fact, and that this administration was restricted in its purpose as well as in its authority, in the management and disposition of the property, to the cases provided for by law.

The fact that Canto and Stein went upon the lots after the death of Hirshfield and put valuable improvements upon them would not affect the rights of the minor legatees, for they could not thus be improved out of their rights to the lots.

Canto and Stein, with full notice of the facts, made the improvements; the minor legatees were not bound to repudiate the void agreement of their father, and to notify Canto and Stein not to put the improvements upon the land. To hold that because they failed to do this, that Canto and Stein, by their trespasses and wrongs, had acquired equities in the land that would entitle them to a specific performance, would be to convert wrongs into equities, and under the guise of an equitable proceeding deprive these minors of their just inheritance.

On the contrary, courts of equity have always been vigilant in protecting those who from tender age are unable to protect themselves; forms and technicalities have never been permitted to interpose between the minor and his rights.

The fact that Canto and Stein made improvements upon property to minor children, with full knowledge of all the facts, would give them no right to the property.

Smith did not appeal from the judgment of the court

below, but on the contrary he expresses his willingness to accept the amount tendered, and consents to a decree of specific performance, in the answer filed by him.

So far as his interest in the land is concerned, it is vested in the appellees by the judgment; and they thereby become co-tenants with the appellant. Now if Smith had made the improvements upon the land, in a partition of the same between himself and his co-tenants, equity would, so far as it could be done without prejudice to the rights of the other parties, give him the improvements. And we see no good reason why the same rule should not apply in any partition hereafter made between the appellants and appellees.

The minor legatees were not served by process; they were parties only by service on their guardians; the decree of the court below undertakes to divest all right and title of these minor legatees in and to the lots in controversy, and to vest the same in the appellees; in other words, the lots are taken from them and given to the appellees; neither the pleadings nor the evidence authorized or warranted such a judgment.

The fact that the executor had admitted the allegations in the petition, and expressed a willingness to see the legatees deprived of these lots, could not affect the result; his unauthorized acts and admissions would not defeat their rights. The judgment is obviously wrong and ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 28, 1881.]