## J. M. WESTMORELAND & CO. v. CARSON, SEWELL & CO.

### No. 2881.

1.  **Description — Evidence.**— A description of land as follows, "Beginning at the west boundary [naming the headright survey and its locality] and extending east sufficiently far to embrace five hundred acres," is sufficiently certain, and when such description is contained in a mortgage deed under which the mortgagor deraigns title it is admissible in foreclosure proceedings to enable the court to define more accurately the mortgaged premises.

2.  **Parol Evidence.**—The admission of parol evidence to show an entire contract, when part only of such contract has been reduced to writing, which in exceptional cases was recognized in Thomas v. Hammond, 47 Texas, 42, must be limited to matters which under other rules of evidence may be established by parol.  Thus an agreement to purchase land of which there was no memoranda in writing signed by the party to be charged therewith, can not in a case where the statute of frauds is relied on to invalidate the agreement be admitted in evidence to show an entire contract, part only of which was written.

3.  **Statute of Frauds—Evidence.**—A contract for the purchase of land of which there was no memoranda in writing can not be validated and the effect of the statute of frauds avoided by showing a tender of deed sent by mail to the purchaser and his letter in answer thereto signed by him, which fails to admit and recognize the parol contract, but proposes to purchase on different terms.

APPEAL from Harris.   Tried below before Hon. James Masterson.
The opinion states the case.

*Baker, Botts & Baker* and *Abercrombie & Randolph,* for appellants.—
1.   The court erred in permitting the plaintiffs, over defendants' objection, to read in evidence the written contract signed by J. M. Westmoreland & Co., of date November 14, 1887, and filed as exhibit C to their petition, so far as plaintiffs sought to set up and enforce a lien on land by virtue of said contract and the sequestration sued out in this cause, for the reason that the pretended equitable mortgage claimed by plaintiffs on land under said contract was void for want of description of the land.

Norris v. Hunt, 51 Texas, 609; Boehl v. Wadgymar, 54 Texas, 589; Boone on Mort., sec. 32; Johnson v. Granger, 51 Texas, 42.

2.  The court erred in permitting the plaintiffs to read in evidence, over defendants' objections, a certified copy of a deed to defendant from the records of Montgomery County, and to prove by the witness W. B. Chew that the copy of the deed so offered in evidence was the only one of record in Montgomery County conveying to defendants lands of the F. K. Henderson survey, and that the land described in said copy of the deed was the same land as described in plaintiffs' petition and described in the levy endorsed on the writ of sequestration.

3.  Parol evidence is not admissible to identify land referred to in an agreement to give a mortgage.  Boehl v. Wadgymar, 54 Texas, 589; Boone on Mort., sec. 32.

4.  The rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument does not apply when the original contract was verbal and entire and a part only of it was reduced to writing.  Thomas v. Hammond, 47 Texas, 52; 1 Greenl. on Ev., sec. 284a.

5.  It is not necessary that the consideration of a contract for the sale of land should be in writing.  Thomas v. Hammond, 47 Texas, 55; 12 Texas, 199; 10 Texas, 208; Pitschki v. Anderson, 49 Texas, 3; Watson v. Baker, 71 Texas, 751; Bufford v. Ashcroft, 72 Texas, 104.

6.  If one buy personal property and land and enter into possession without deed, and sells the personal property, he can not rescind the sale. Watson v. Baker, 71 Texas, 751.  Nor can he refuse to pay the purchase money because no deed was delivered where vendor was willing to deliver deed.  Bufford v. Ashcroft, 72 Texas, 104.

7.  The court erred in refusing to permit defendants to show by the witness Westmoreland that on the 20th day of December, 1887, the defendants tendered the plaintiffs, and sent to them at Houston, Texas, by mail, the deed to said store house and lot tendered in their pleadings, and in the due course of mail received from plaintiffs said deed and a letter wherein defendants (plaintiffs) admitted that they had agreed to buy said property.

8.  This evidence was relevant, and the letter with the deed returned constituted such a memorandum in writing as the statute requires for the sale of land.  Fulton v. Robinson, 55 Texas, 401.

9.  The consideration for land may always be shown by parol.  55 Texas, 401; Pitschki v. Anderson, 49 Texas, 3.

*Hutcheson, Carrington & Sears,* for appellees. — 1.  The instrument constitutes an equitable mortgage.  The description is sufficint to identify the land, as it states the survey, the county, the number of acres, and the part of the tract to go to plaintiffs.  Damages could be recovered for

a violation of it, and as the land can be identified a court of equity will permit the description to be made more certain and specific in order to enforce the contract between the parties.

This is in equity a mortgage. Boehl v. Wadgymar, 54 Texas, 589–591; Railway v. Gentry, 69 Texas, 629, 633.

The description is sufficient. Watson v. Baker, 71 Texas, 739, 747; Fulton v. Robinson, 55 Texas, 401.

Equity will regard its description as definite and certain if it can be made so. Peckham v. Haddock, 36 Ill., 38; Payne v. Wilson, 74 N. Y., 348, 352; 2 White & Tudor's Lead. Cases in Eq., pt. 1, p. 1030; Fish v. Hubbard, 21 Wend., 652; Barry v. Coombs, 1 Pet., 640; Aldridge v. Eshelman, 10 Wright, 420; White v. Hellman, 51 Ill., 243–245.

2. It was inadmissible to set up or to prove any such parol agreement as the one contended for. Defendants could neither thus vary nor add to the terms of the written contract, nor could they sell or compel plaintiffs to buy land in that way. Garner v. Stubblefield, 5 Texas, 552; Ryan v. Wilson, 56 Texas, 36; Mims v. Mitchell, 1 Texas, 443; Burnett v. Henderson, 21 Texas, 590; Gammage v. Alexander, 14 Texas, 418.

ACKER, PRESIDING JUDGE.—J. M. Westmoreland & Co. were merchants and were indebted to appellees by two promissory notes for the sum of $859.83 each. They were also indebted to Halff & Newbouer, and on the 14th day of November, 1887, executed this instrument:

"*State of Texas, County of Walker.*—We hereby sell and deliver into possession of Carson, Sewell & Co. and Halff & Newbouer our entire stock of goods, wares, and merchandise situated in the store house now occupied by us in the town of Waverly, Texas. The goods are to be invoiced soon as practicable by the representatives of said C., S. & Co. and Halff & Newbouer, and all unbroken and undamaged goods are to be invoiced at original cost, and all shelf-worn and damaged goods and remnants are to be invoiced at the market value, to be agreed upon at the time the inventory is being taken, and the aggregate amount of the inventory is to be credited on our indebtedness due said C., S. & Co. and Halff & N. pro rata; and the balance due to them we agree to give one twelve months note for, bearing 8 per cent interest from date until paid, said note to be secured by deed of trust on about 908 acres of land of the F. K. Henderson headright, in Montgomery County, Texas, in the following proportions: Carson, Sewell & Co. to be secured by deed of trust on 500 acres of said land, beginning at the west boundary and extending east sufficiently far to embrace 500 acres; and Halff & Newbouer to be secured by deed of trust on balance of tract now remaining unsold, which we estimate to be about 408 acres."

Appellants did not execute the note for the balance due appellees, nor the deed of trust to secure the payment of that balance, and this suit

was brought on the original notes for the balance unpaid after crediting thereon the pro rata of the stock of goods received from defendants, and to establish the foregoing instrument as a mortgage and to foreclose it on the 500 acres of land.   The instrument was attached to the petition and made part of it.   The defendants pleaded specially that at the time they sold and delivered the goods, and as part of the same contract, they also sold and delivered to plaintiffs the store house and lot, with the understanding and agreement that plaintiffs were to accept the house and lot. at what they actually cost defendants and credit them therewith in the same way the goods were to be credited; that the actual cost of the house and lot was $618; that the sale of the goods and the store house and lot was an entire contract, and that they would not have sold the goods if plaintiffs had not agreed to take the house and lot; that the entire contract was not reduced to writing at the time because it was not then known what the house and lot cost, and the description of the lot was not accessible; that before the institution of this suit they tendered to plaintiffs a duly executed conveyance for the store house and lot, which they refused to accept, and defendants tendered the deed with their answer.

Plaintiffs replied to the answer by general denial, specially denied the alleged contract to take the house and lot, and specially pleaded that if such agreement or contract was made it was a parol agreement for the sale of land and contrary to the statute of frauds.

The trial without a jury resulted in judgment for plaintiffs for the balance due on the notes and foreclosing the lien claimed, from which defendants prosecute this appeal.

Plaintiffs offered in evidence in support of their claim of a mortgage the instrument executed by defendants and attached to the petition, to which defendants objected on the ground " that the pretended equitable mortgage claimed by plaintiffs on land under said contract was void for want of description of the land."   The evidence was admitted, and the ruling is assigned as error.   We think the description of the land sufficient, and that the court did not err in so holding.   Steinbeck v. Stone, 53 Texas, 382; Fulton v. Robinson, 55 Texas, 404; Watson v. Baker, 71 Texas, 747; Id., 526.

Plaintiffs offered in evidence a certified copy from the records of Montgomery County of a deed to defendants for 908 acres of the F. K. Henderson survey, and offered to prove by the witness Chew that it was a copy of the only deed of record in Montgomery County conveying to defendants any part of that survey, and that the land described in the copy of the deed was the same land described in plaintiffs' petition; to which defendants objected on the grounds that the copy of the deed " was wholly irrelevant to the issues of this case, and that parol evidence can not be introduced to identify land referred to in written contract to give a mortgage

thereon." The objection was overruled, and appellants contend that the court erred in the ruling.

While we think the land against which the mortgage was claimed was sufficiently described in the instrument itself to identify it, we think the copy of the deed was not wholly irrelevant, and was admissible over the objection urged against it for the purpose of enabling the court to more accurately define the boundaries of the 500 acres.

It appears that the witness Chew represented plaintiffs in making the settlement with defendants, and wrote the instrument executed by them in virtue of which plaintiffs claimed the mortgage lien, and was doubtless qualified to speak with reference to the identity of the land from conversations had with defendants. The record does not disclose the source of his information as to the land described in the deed being the same as that mentioned in the instrument sued on, beyond what appears from the deed and instrument themselves; but having determined that the description given in the instrument was sufficient, and that the copy of the deed was properly admitted in evidence, the parol evidence objected to was simply cumulative, and could not have operated to the prejudice of defendants.

The defendants offered to prove by the witness Westmoreland a parol contract of sale of the house and lot, to which plaintiffs objected on the ground that a contract for the sale of land could not be established by parol evidence. The objection was sustained, and the ruling is assigned as error.

The statute of frauds, which was specially pleaded by plaintiffs in reply to defendants' answer setting up the parol contract of sale for the house and lot, requires some memorandum of the contract for the sale of real estate to be in writing and signed by the party to be charged therewith. The parol contract being involved and not capable of being enforced, the court did not err in excluding evidence of it. Garner v. Stubblefield, 5 Texas, 552; Ryan v. Wilson, 56 Texas, 36. But it is contended by appellants that the contract for the sale of the house and lot and the goods was one and an entire contract, part only of which had been reduced to writing, and that therefore they were entitled to establish the unwritten part by parol. In support of this contention appellants rely on the authority of Thomas v. Hammond, 47 Texas, 42. In that case the court recognized the exception to the general rule laid down by Greenleaf on Evidence, section 284a, but cited with approval the case of Miller v. Fitchthorn, 31 Pennsylvania State, 260, where the exception to the rule is limited in its application to matters not directly forbidden by law to be proved by parol.

The fourth assignment of error is: "The court erred in refusing to permit defendants to show by the witness Westmoreland that on the 20th day of December, 1887, the defendants tendered the plaintiffs, and sent to

them at Houston by mail, the deed to said store house and lot tendered in their pleadings, and in the due course of mail received from plaintiffs said deed and a letter wherein plaintiffs admitted that they had agreed to buy said property, as shown by bill of exception No. 2."

The tender of the deed did not constitute a contract. In the absence. of a contract by which the plaintiffs were bound to accept it, the tender was immaterial, and the exclusion of evidence showing the tender was not, error.

It appears from the bill of exception that the letter to which the excluded evidence related contained an express denial of the contract for the purchase of the house and lot pleaded by defendants, but contained a proposition to take them at a much less consideration than that alleged by defendants.

We are unable to comprehend how this evidence could have benefited the defendants. It did not tend in any degree to establish the contract pleaded by them, or to prove any contract. It was simply a denial of the contract set up by defendants, and a proposition of an entirely different contract. We think the court did not err in excluding the evidence.

The fifth and last assignment of error is: "The court erred in refusing to permit defendants to prove by deposition of S. Brown that at the time he purchased of plaintiffs the goods they offered to sell him the store house and lot."

The testimony of the witness Brown, the exclusion of, which is complained of by this assignment, did not tend to sustain any issue in the case and was wholly immaterial. Plaintiffs may have offered to sell the property to Brown with the expectation of procuring the conveyance from. defendants in the event a sale to Brown was consummated. We do not. think such offer tended to prove the existence of the contract pleaded by defendants. It is not error to exclude immaterial testimony.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 25, 1890.