ELIZABETH HAMILTON *et al.* v. JOHN OGEE.

No. 416.*    (62 Pac. 708.)

1. REAL ESTATE—*Void Deed—Insufficient Description.*   A deed
which attempts to describe land by metes and bounds, without
designating the section, township and range in which the real
estate is situate, is void for uncertainty.

2. ———— *Parol Gift—Possession.*   A parol gift of land, unac-
companied by possession or improvements during the life of the
donor, conveys no title.

Error from Shawnee district court; Z. T. HAZEN,
judge.    Opinion filed October 27, 1900.    Affirmed.

*Vance &.Campbell*, for plaintiffs in error.

*J. J. Schenck*, for defendant in error.

* Pending in supreme court.—REP.

16—10 KAN. APP.

The opinion of the court was delivered by

McELROY, J. : This was an action in ejectment, brought by John Ogee for the recovery of the possession of certain real property alleged to be wrongfully withheld by Elizabeth Hamilton, Laura A. James, and George Wendel. The petition was in the usual form prescribed by the statute. The defendants, for answer, filed a general denial. The first trial was had in September, 1898, and judgment rendered for defendants, which was set aside at the request of plaintiff, and the action continued until the next term of court. At the second trial the court made special findings of fact and conclusions of law, and rendered judgment that the plaintiff is the owner and entitled to the possession of the real estate in controversy, and for costs of suit. The defendants' motion for a new trial was overruled. The defendants, as plaintiffs in error, present the record to this court for review, and allege error in the proceedings of the trial court, that the court erred in its conclusions of law, in rendering judgment for plaintiff, and in refusing to grant a new trial.

John Ogee, the defendant in error, claimed title to the land in controversy by reason of a conveyance from Mina L. Wendel, who purchased the premises at an administrator's sale on the 12th day of February, 1898. The plaintiff in error Elizabeth Hamilton claimed to own the land by reason of a conveyance to her by Laura James, whose claim of title was based upon a deed made by Leonhard Wendel, her father.

Leonhard Wendel, a widower, in 1893 and prior thereto owned forty acres of land, in two separate tracts of twenty acres each, in section 8, township 11, range 16, near North Topeka, in Shawnee county. In that year he made a will in which he made a number

Hamilton v. Ogee.

of bequests.   Among them was one of $600 to John
B. Wendel, a brother in Tennessee, and in case of his
death, then to his brother's children.   He designated
two of his own children, George Wendel and Laura
James, executors of his will.   In 1895, Leonhard
Wendel sent for a justice of the peace and directed
that he prepare deeds conveying one of the twenty-
acre tracts to his son, George Wendel, and the other
to his daughter, Laura James.   The justice prepared
the first deed, conveying the land to George Wendel;
this deed was signed, acknowledged, and delivered.
The deed to Laura James was prepared, signed, and
acknowledged, and some time afterward was delivered
to her.   At the time these deeds were executed and
delivered the grantor had no other real estate than the
two twenty-acre tracts conveyed, nor did he at any
time afterward own any other lands in that county;
he owed no person at the time of the execution of the
conveyance, nor at the time of his death.

In February, 1897, Leonhard Wendel died, his will
was probated, and George Wendel and Laura James
were duly appointed as executors.   Shortly thereafter
they filed a report in the probate court, stating, in sub-
stance, that at the time the will was made the testa-
tor owned the lands heretofore described; that he
afterward conveyed these lands to the executors, but
that at the time of his death he left no property for a
will to operate upon; and the executors therefore
asked to be discharged, which was accordingly done.
Afterward the Tennessee legatees, Mina L. Wendel
and other children of John B. Wendel, to whom the
deceased had bequeathed the $600 appeared in the
probate court and claimed that Leonhard Wendel
died seized of the twenty-acre tract of land herein
claimed by Elizabeth Hamilton, which he attempted

to convey to Laura James. The contention was that the deed to Laura James was void. Thereafter the probate court appointed one Fagan administrator of the estate.

Shortly after Leonhard Wendel died, Laura James took possession of the real property in controversy and conveyed the same to her codefendant Lizzie Hamilton, a sister, who immediately took possession of the same and has ever since retained the same and has been in possession thereof. Fagan, as administrator, caused this tract of land to be appraised. The appraisement was $800, and by the order of the court, on the 14th day of February, 1898, he sold the same at public auction to one of the Tennessee legatees, Mina L. Wendel, for the sum of $100. The sale was confirmed by the probate court and the administrator executed a deed to the purchaser. Elizabeth Hamilton claims to be owner of the lands in controversy through the conveyance made to her by her sister Laura James after the death of their father. The deed from Leonhard Wendel to his daughter Laura Wendel was executed on June 13, 1895, and delivered to her on the ―― day of June, in that year. No consideration passed from the grantee to the grantor for this conveyance. The land was described in the deed as follows:

"All the following-described tract, situated in the county of Shawnee and state of Kansas, to wit: Beginning ninety (90) rods north of the southwest corner of the southwest quarter; thence north forty (40) rods, more or less; thence east eighty (80) rods; thence south forty (40) rods, more or less; thence west eighty (80) rods to the place of beginning, containing twenty acres, more or less."

The trial court found that

"At the time of executing the deeds, Leonhard Wendel was about ninety-two years of age, had been

making his home part of the time with his son George Wendel, and part of the time with his daughter Laura James.   After the execution of the deed to Laura James, Leonhard Wendel continued to exercise acts of ownership over the land described therein up to the time of his death, the same as he had for several years prior thereto ; that Laura James had been looking after the property, renting it for her father, receiving the rent and doing whatever was necessary to be done in the way of looking after and caring for the land ; that after the execution and delivery of the deed she continued to look after the property in the same manner that she had theretofore in handling it for her father up to the time of his death ; and that the deed to Laura James was filed for record on the 9th day of May, 1897 ; that the same was executed without consideration ; that Laura James and her husband, on September 7, 1897, executed a deed to the land in controversy to the defendant Lizzie Hamilton, who paid no consideration for the premises, but the same was conveyed to her in accordance with an arrangement made between Laura James, George Wendel, and Lizzie Hamilton, by which they adjusted their claims to the property as heirs of the estate of Leonhard Wendel.''

The defendant in error John Ogee procured a conveyance of the lands from Mina L. Wendel, who purchased the land as hereinbefore stated at the administrator's sale.

The trial court found that the deed from Leonhard Wendel to his daughter Laura James passed no title, for the reason that in the description of the lands the section, township and range were omitted.

It is contended by the plaintiffs in error, first, that the description in the deed is sufficient to convey the lands in controversy ; second, that the plaintiff in error Elizabeth Hamilton should prevail in any event upon the facts found by the trial court on account of her paramount title.

The first question, therefore, to determine is as to the validity of the deed of conveyance from Leonhard Wendel to his daughter Laura James. If this was a good and sufficient conveyance of the premises the plaintiffs in error are entitled to recover. The rule appears to be that where the deed describes the lands, or refers to some map, plat, monument or other record in such manner that a surveyor could locate the land by references given, or where the description is imperfect, though sufficient to point an inquirer to the true locality and boundary of the land, the same is sufficient. The description of the premises in the deed must be sufficiently definite to enable the land to be identified or it will be void for uncertainty.

Upon the question of paramount title we will say, the deed from Leonhard Wendel to Laura James, which forms the basis of the title of Elizabeth Hamilton, was without consideration; the grantee did not take possession of the property under this deed during the lifetime of the grantor, nor did she take possession thereof until a considerable period after his decease; the grantor remained in possession of the premises the same as though no such deed had been made up to the time of his death. Laura James made no improvements, valuable or otherwise, upon the premises. These facts found by the trial count repel the assumption that plaintiffs in error had paramount title, or in fact any title, either equitable or legal. It has been frequently held that a parol gift of lands will be sustained by the courts because of the fact that the equitable title passed from the donor to the grantee; but in most, if not all, of such cases the title has been upheld for the reason that the donee took possession of the lands with the knowledge and assent of the donor, made improvements, and entered into the en-

joyment of the land. The parol gift in such cases is upheld for the reason that it would be inequitable for the donee, after he makes a lasting or valuable improvement upon the premises on the faith of the gift, to be deprived of the lands. We have been unable to find any case wherein a parol contract to give lands has been upheld where the donee did not enter into possession or make valuable or lasting improvements upon the premises.

In an action of ejectment, the plaintiff must recover upon the strength of his own title and not on the weakness of that of his adversaries. The lands in question were sold to Mina L. Wendel at a public auction by the administrator for $100. She was the highest and best bidder at the sale. The sale had been properly advertised, and, although the lands had been appraised at $800, the sale was confirmed and a deed issued thereon. It does not appear that plaintiffs in error made any legal objection to the sale, or attempted to have the same set aside. Under our statute, where real estate is sold by an administrator or executor at private sale, it must not be sold for less than three-fourths of the appraised value. This does not apply to a public sale. Where an administrator sells at public auction, it is not essential to the validity of the sale that the property bring three-fourths or even two-thirds of the appraised value. There are no restrictions as to the amount for which lands must be sold by an administrator at public sale. (*Fudge v. Fudge*, 23 Kan. 416.) It necessarily follows that the deed of conveyance from Leonhard Wendel to his daughter Laura James was void, and that the deceased was the owner of the premises at the time of his death. If the deed from Leonhard Wendel to Laura James was void, it passed no title to her; in

that case Leonhard Wendel was the owner of the property at the time of his death; the title passed to Mina L. Wendel by the administrator's deed to her, and by her conveyance to the defendant in error Ogee.

The motion for a new trial was properly overruled. The judgment is affirmed.