## AUGUST E. ALTGELT, GUARDIAN, v. JOSE ESCALERA.

### Decided May 20, 1908.

**1.—Statute of Frauds—Verbal Sale of Land—Requisites.**

In order for one claiming land under and by virtue of a parol gift, to obtain a decree in his favor he must allege and prove that there was a parol gift, an entry by him into actual, open possession of the land, and that he placed on the land, because of the gift, permanent and valuable improvements, and these acts must all have been done during the lifetime of the donor.

**2.—Same—Evidence.**

Under a claim to land by virtue of an alleged parol gift, evidence considered, and held insufficient to support the claim in the matter of possession and improvements.

**3.—Pleading—Overruling Exception—Harmless Error.**

Error in overruling an exception to a pleading becomes harmless when no evidence is introduced on the subject and the issue is not submitted to the jury.

**4.—Parol Gift of Land—Pleading.**

In an action to recover land based alone upon a verbal gift of the same, an allegation as to valuable services rendered by the donee to the donor is irrelevant and has no place in the suit, and should be stricken out on exception.

**5.—Trespass to Try Title—Improvements—Rents.**

When the plaintiff in trespass to try title gets the benefit of improvements made on the land by the defendant the courts will not give the plaintiff judgment for rents also, nor for the value of timber taken from the land by the defendant, although the improvements were not made by the defendant in good faith.

Appeal from the Fifty-seventh Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*Anderson & Belden* and *Ed Haltom,* for appellant.—A parol gift of real estate will not pass the title thereto unless the donee, by reason of the gift, went into possession of the real estate and made improvements thereon. Combest v. Wall, 18 Texas Ct. Rep., 498; Neale v. Neale, 9 Wall., 1; Wootters v. Hale, 83 Texas, 563; Murphy v. Stell, 43 Texas, 134; Chevallier v. Wilson, 1 Texas, 171.

Possession of land and improvements thereon, made after the death of vendor or donor, will not take a verbal contract out of the statute of frauds. Ryan v. Wilson, 56 Texas, 36; Whitsett v. Miller, 1 U. C., 203; Wooldridge v. Hancock, 70 Texas, 18; Montgomery v. Carlton, 56 Texas, 361; Murphy v. Stell, 43 Texas, 128.

In order to sustain a parol gift of real estate the donor must allege and prove that upon the faith of the gift he, the donee, during the life of the donor, went into possession of the land, claiming to own it, and that he occupied the land, and during the life of the donor made valuable improvements thereon. Boze v. Davis, 14 Texas, 336; Harvey v. Carroll, 72 Texas, 65.

*Camp & Camp* and *T. J. Newton,* for appellee.

FLY, ASSOCIATE JUSTICE.—Suit was filed by Polonia Martinez de Rodriguez, joined by her husband, Domingo Rodriguez, against appellee, to try title to about forty acres of land out of the Dionicio Martinez grant in Bexar County. The suit seems to have been originally instituted for benefit of Antonio Ortiz, a minor. However, in an amended petition, the suit for the minor was dismissed, and the suit prosecuted in the name of Rodriguez and wife. In a second amended petition, filed by Rodriguez and appellant, it was alleged that Polonia Rodriguez had died, stating that, after the minor had been dismissed from the suit, he had again been made a party to the suit, and it was alleged that Domingo Rodriguez was entitled to one-third of the rents due on the land and Antonio Ortiz to the land and two-thirds of the rents. Appellee set up a parol gift by Bruno Ortiz, the deceased father

of Antonio Ortiz, to him. The trial resulted in a judgment for appellee for the land.

The first assignment of error complains of the action of the lower court in overruling the first special exception to the answer of appellee, which set up a parol gift of the land in controversy to him, by Bruno Ortiz, the father of the minor, represented by appellant. It was alleged in the answer that appellee had been reared by Bruno Ortiz and had been adopted by him, and that appellee had labored for said Bruno Ortiz, and that the latter, in recognition of the services of appellee, and as a token of love and affection, "pointed out, gave, designated, set apart, transferred and delivered into possession of this defendant about forty (40) acres of land for the sole use and benefit of this defendant." It was further alleged "that immediately upon the gift and delivery of possession of said property to him by said Bruno Ortiz he began to improve, cultivate, use and enjoy the same, and to pay taxes thereon, and has so used, improved and cultivated and enjoyed the same to his own use and benefit, and paid the taxes thereon from said time up to and including the present date."

It is provided by article 624 of the Revised Statutes of Texas that "no estate of inheritance, or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing," and in article 2543, on frauds and fraudulent conveyances, it is provided that no action shall be brought "upon any contract for the sale of real estate or the lease thereof for a longer term than one year," unless the same or a memorandum thereof be in writing. It follows that under no circumstances could a party holding under a verbal sale or gift of land enter a court of law and obtain redress, but under the old system could obtain no redress except at the hands of a court of equity. Under the blended system in Texas, however, where our courts have jurisdiction of matter, both of law and equity, and every judge is a chancellor, appeal can be made to the equity side of the court for relief. As in courts with purely equitable powers, however, the person invoking such powers of the court, whether as plaintiff or defendant, would have the burden placed upon him of making out a case that would entitle him to have the title to the land decreed to him. A person claiming real estate under a parol sale or gift obtains no assistance from the law, because it declares such a sale or gift invalid, and in order to enforce such parol agreement he must present proof of possession and the making of valuable improvements of a permanent character, or other facts showing that the transaction is a fraud on the purchaser or donee, if not enforced. Robinson v. Davenport, 40 Texas, 342; Anna Berta Lodge v. Leverton, 42 Texas, 25; Eason v. Eason, 61 Texas, 225; Wooldridge v. Hancock, 70 Texas, 18; Bradley v. Owsley, 74 Texas, 68; Wells v. Davis, 77 Texas, 636; Wootters v. Hale, 83 Texas, 563; Weatherford, M. W., etc., Ry. v. Wood, 88 Texas, 191; Munk v. Wiedner, 9 Texas Civ. App., 491; Lechenger v. Merchants' Nat'l Bank (Texas Civ. App.), 96 S. W., 638.

Mere delivery of possession is not in itself sufficient to authorize the interposition of a court of equity in arresting the action of the statute

of frauds on any sale or gift of land not shown by some memorandum in writing, because possession is a fact whose existence may be proof of other things besides transfer of title, and is open to many interpretations, and a sale will not be presumed from that fact alone. It might evidence a lease, and it is more consistent to presume that it is evidence of a fact in entire consonance with law, rather than one that is in direct and open violation of law. So, in Texas at least, mere possession will not show such title as could be enforced in a court of equity, but in addition it must appear that valuable and permanent improvements have been made under a verbal sale or gift, or that other circumstances appealing to a court of equity have occurred, and a failure to grant relief would result in the perpetration of a fraud upon the vendee or donee. Bradley v. Oswley, 74 Texas, 69. Of course, in the case of the vendee proof would be required of the payment of the purchase money, or a binding obligation to pay the same, although payment of the purchase money alone will not support a decree of specific performance. Garner v. Stubblefield, 5 Texas, 560.

It is also the rule that any character of improvements or repairs of little value will not support a verbal promise of sale or gift, but the improvements must be permanent and valuable. It is stated, however, in Wells v. Davis, 77 Texas, 636, that if other circumstances of a case entitle the vendee or donee to a decree of specific performance the question of improvements must be treated as immaterial.

Under the facts of this case no other equities can be presented except those arising from possession and valuable improvements. No parol gift or sale of land can ever be sustained unless the donee or vendee took possession of the property and continued to hold the same. Such possession is absolutely essential, and it must be an exclusive possession and not one shared with any one else. As said by this court, through Associate Justice Neill, in the cited case of Munk v. Weidner: "Where a plaintiff claims as purchaser of land, to the possession of which he and others are entitled as tenants in common, no mere possession by him can avail as part performance; for no possession can suffice which does not show his individual right to the exclusion of the other co-tenants. This rule results from the nature of such co-ownership. Each tenant being entitled to the possession of the common estate, the possession of one is the possession of the other."

Now, in order for appellee to have the land in controversy decreed to him he must allege and prove that there was a parol gift of the land, an entry by him into actual, open possession of the land, and that he placed on the land, because of the gift, valuable and permanent improvements. The decree in his favor must be based on the proposition that his relation to the land has been so changed by the alleged gift that to apply the statute of frauds to the transaction would result in the perpetration of a fraud upon his rights. Sullivan v. O'Neal, 66 Texas, 433.

The first assignment of error attacks the refusal of the lower court to sustain a special exception to that part of the petition which alleges that appellee had been adopted, when a child, by Bruno Ortiz and had been reared by him, that appellee had labored for him on his ranch and farm, and that on or about June 10, 1898, said Ortiz, in recognition

of his past services and for the love and affection he had for appellee, had pointed out, given, designated, set apart, transferred and delivered to appellee forty acres of land. It was further alleged "that immediately upon the gift and delivery of possession of said property to him by the said Bruno Ortiz, he began to improve, cultivate, use and enjoy the same, and to pay taxes thereon, and has so used, improved, cultivated and enjoyed the same to his own use and benefit and paid the taxes thereon from said time up to and including the present date," which he alleged was more than five years.

The first ground of the exception to the pleading is that the fact that appellee had been reared by Bruno Ortiz and that the former had worked for the latter, can not give title to the land, is sound, and it is clear that it was not so claimed by appellee, the allegations being merely made as tending to show why Ortiz made the gift. The allegations were not absolutely essential, but they served as matters of inducement leading up to the gift and the court did not err in not striking them out.

Another exception to the pleading was that there was no allegation of acceptance of the gift and making of improvements by reason thereof. There was an allegation of immediate improvement and use of the land, and that clearly evinced acceptance of the gift. The other part of the exception is that possession, use and enjoyment of the land for more than five years would not give title. Standing alone they would not, but such matters when viewed in connection with a parol gift might give title. Wells v. Davis, 77 Texas, 636. There are several propositions under the assignment which have no basis in the exception on which the assignment is based.

The exception to that part of the answer setting up the fact that the widow of Ortiz had measured off the land in January, 1905, should have been stricken out. Such act could not affect the accrued rights of the minor. The error, however, does not necessarily require a reversal, because no evidence was introduced on the subject and the issue was not presented to the jury.

There is an allegation that the death of Bruno Ortiz occurred on October 3, 1904, and that on December 8, 1904, appellee had commenced and since completed certain improvements on the land of certain values. There can be no manner of doubt that if the title to the land was acquired it must have been acquired before the death of Bruno Ortiz, and no improvements made after that time could be used as a circumstance to sustain an equitable title to the land, and the exception to that part of the answer should have been sustained. The title made under the parol gift depended on actual possession of the land, by virtue of the gift, and improvements made on the faith of such gift. Possession beginning and improvements made after the death of the donor, and years after the alleged time of the gift, would not constitute a case in equity, requiring the setting aside of a positive statute. If the improvements were not placed on the land before the death of the donor, the title had not attached before that time and on his death the title immediately passed to his heirs, and would not be defeated by a donee making improvements. Without the improvements having been made, no fraud was perpetrated by the descent of title to the heir of Bruno Ortiz, and without the perpetration of such fraud on the rights of appellee, a court of

equity could not interfere. The death of the donor before the execution of the parol contract annulled it, and the donee can not ask for specific performance of the contract merely on account of improvements made after annulment of the contract by death. It is evident that the allegations of appellee, when the value of the improvements are set forth, were not made for the purpose of showing a circumstance to uphold the parol gift, but for the purpose of forming a basis for a prayer for improvements in good faith, in case the title was decreed against him. The court instructed the jury not to consider any act or improvement made by appellee after the death of Bruno Ortiz as evidence of a gift from him. It would seem, therefore, that whatever error was committed in overruling the exception was not allowed to influence the verdict of the jury. The following allegation is found in the latter part of the answer: "This defendant shows that since his boyhood he has rendered valuable services both to the plaintiff, Polonia Martinez de Rodriguez, and her former husband, Bruno Ortiz, in the management of their property and in manual labor, and that the said services above referred to were reasonably worth a sum largely in excess of the said property transferred and delivered to him, and that such services were reasonably worth the sum of thirty-six hundred ($3600) dollars." The exception should have been sustained to that allegation, which had no place whatever in the suit. No contract of sale of the land to appellee, in consideration of the services rendered, was attempted to be set up in the answer, the ground of recovery relied on being a parol gift.

The testimony offered by appellee was to the effect that he was an adopted son of Bruno Ortiz, that he was reared by him, and that in 1898, 40 acres of land was given to him by Bruno Ortiz. He lived with Bruno Ortiz at that time and continued to live with him until his death. Appellee did not move on or live on the forty acres of land, claimed by him, until after the death of Bruno Ortiz in 1905. He built no improvements on the land before the death of Bruno Ortiz, the only thing that he did in connection with it was to grub about five acres of it and put it in cultivation, and nothing was done to separate the 40 acres from the other land owned by Bruno Ortiz until about a year after his death, when appellee built a fence on the east end of the land which separated it from the other land. No improvements of any kind were made on the land prior to the death of Bruno Ortiz, and although one rather enthusiastic witness for appellee swore that the latter was living with his first wife, on the forty acres of land three or four years before Bruno Ortiz died, appellee swore positively that he and his first wife never lived on the forty acres of land, and that he never even told her that he owned the land. He was divorced from her in 1902, about two years before Bruno Ortiz died. It is admitted by the parties that appellee never lived on the forty acres of land until after the death of Bruno Ortiz. As before stated, appellee did nothing in connection with the land, except to clear about five acres of it, and use the wood that came off of it, and he cultivated it in connection with other land belonging to Bruno Ortiz. The latter assessed it for taxation and appellee never assessed the land although he stated that he gave $2.00 every year to Ortiz with which to pay taxes. It is admitted that the

minor, Antonio Ortiz, is the sole heir of Bruno Ortiz. His mother died while the suit was pending.

Under the law and facts, hereinbefore stated, appellee failed to make out a parol gift of the land to him. After the alleged gift he did not change his position but lived on another portion of the land of his foster-father, as before, and did nothing in connection with the land except to clear up about five acres of it as he had cleared and put in cultivation other land belonging to Bruno Ortiz. Jones v. Carver, 59 Texas, 293. He did not assert title to the land to his first wife, although she lived with him for four years after the alleged gift was made, and the first real assertion of title was long after the death of Bruno Ortiz. He did not place himself in a worse position by reason of the gift, but on the other hand, he used the crops raised on the land and the wood cut off it and, instead of losing anything, gained by the transaction.

The case of Ryan v. Wilson, 56 Texas, 36, we think, is analogous to this. In that case Hirshfield verbally agreed to convey to Canto and Stein certain lots, and, before possession was taken and improvements made, died. The vendees went into possession after his death and made valuable improvements on the lots, and the court held: "The fact that Canto and Stein went upon the lots after the death of Hirshfield and put valuable improvements upon them would not affect the rights of the minor legatees, for they could not thus be improved out of their rights to the lots." To the same effect is the case of Hamilton v. Ogee (Kan.), 62 Pac., 708, and Hutchison v. Chandler, 47 Texas Civ. App., 124.

None of the elements necessary to uphold a claim for improvements in good faith is present in this case, but as the improvements were made and appellant will get the benefit of them we do not feel disposed to allow for rents or the wood sold by appellee off the land.

The judgment of the lower court is reversed and judgment here rendered that appellant as guardian of the minor, Antonio Ortiz, recover of appellee the land in controversy and all costs in this behalf expended.

*Reversed and rendered.*